THE MAYOR AND COUNCIL OF THE CITY OF MACON, plaintiff in error, vs. SAMUEL HAYS, adm'r, &c., of HARVEY W. SHAW, defendant in error.

If the city authorities remove its Marshal for a *specified* cause, and it be determined that such cause did not warrant the removal, and the Marshal sue for his salary and fees, the city authorities may aver and prove other matters good in law to justify the removal.

Assumpsit from Bibb. Tried before Judge LAMAR, May Term, 1858.

Shaw was removed from the office of City Marshal, and brought his suit for the salary and fees which belonged to the unexpired part of his term.

Defendant pleaded neglect of duty on the part of plaintiff, in not reporting offenders against the law punishing gambling, and gambling on the part of plaintiff himself, while in their employ as Marshal, &c.

On the trial, the reports and decisions of the Supreme Court in this case, and the evidence reported therein, were read by plaintiff, under agreement of counsel, which are to be found in the 16 *Ga.* 172, and in the 21 *Ga.* 280, and in the latter volume, the evidence of A. R. Freeman was read instead of of using him on the stand.

*Benjamin Allen* testified, that the perquisites of the office of Marshal, for the year 1853, amounted to at least two dollars a day. Plaintiff here closed.

The defendant offered to introduce *Victor Menard* to prove that Shaw, while acting as Marshal in 1853, saw John Chain and others, bet and play cards for money, and did not prosecute them. The Court refused to admit it. Whereupon defendant's counsel excepted.

The case proceeded, and to many of the rulings, charges of the Court, and refusals to charge, defendants excepted, and assign the same as error. All of which, except one, are omit-

The Mayor and Council of Macon vs. Hays, adm'r of Shaw.

ted, as the judgment of the lower Court is reversed upon the exception taken to the ruling out of the testimony of Menard.

The verdict was for plaintiff, whereupon defendants tender their bill of exceptions.

Poe & Grier, for plaintiff in error.

Lanier & Anderson; and Stubbs & Hill, for defendant in error.

*By the Court.*—McDonald J. delivering the opinion.

The defendant's intestate was Marshal of the City of Macon, in the year 1853.

The Mayor and Council of the City removed him from office, determining, that by gambling within the corporate limits, he had been guilty of mal-practice in office and neglect of duty. The Judge of the Superior Court of Bibb county, upon a writ of *certiorari*, quashed the proceedings of Council, and his judgment was affirmed by this Court, 16 *Ga.* Harvey W. Shaw, the dismissed Marshal, the plaintiff's intestate, instituted suit for the recovery of his salary for the balance of his term remaining unexpired at the time of his removal, and for the fees to which he would have been entitled, if he had not been removed.

On the trial, the defendant offered to prove by *Victor Menard*, that the plaintiff's intestate, while acting as Marshal in 1853, saw certain persons bet and play at cards for money, and that he did not prosecute them. The Court refused to admit this evidence and defendants excepted. The presiding Judge excluded the evidence, no doubt, on the view which he took of the judgment of the Court above cited, in which it was held that the Marshal was improperly removed *for the cause specified in that record.* When he sues for his fees, however, the case comes up in a different aspect, and the defendants may plead and prove any cause which would jus-

tify the removal, so far as it respects his duties as an officer of the corporation. To violate a public law, may not be a breach of duty as such officer, and that is all that this Court decided in the case first brought up. But if there was other good cause for the removal of the intestate, as Marshal, there is no good reason why the case should not be defended on that ground. If his term of office had not expired, when this suit was instituted, and he had moved for a *mandamus* to restore him, instead of bringing an action for his salary and fees, the Court would not have interfered, if good cause for his removal would have been shown, although he may have been removed without notice. *Rex. vs. Mayor & C. of Axbridge,* 2 *Cowper* 523. *The King vs. the Mayor & C. of London.* 2 *Term Rep.* 182.

This Court has held that for offences committed, in his presence, within the corporate limits of the city, it was the duty of intestate as Marshal to prosecute without notice. It was the object of the witness *Menard's* evidence to establish a breach of duty in that respect. If such evidence would have been admissible against him on an application to be restored to office, it is certainly admissible to disprove his right to salary and fees, for if he was not entitled to his office, he could not be entitled to salary and perquisites.

Judgment reversed.