## DAVIS *v.* MAYOR AND COUNCIL OF CORDELE.

If a municipal officer is removed from his office by the city council, and thereafter brings an action against the municipality for his salary, claiming that he was unlawfully removed, the municipality is not confined in its defense to the cause of removal specified in the resolution removing him, but may plead and prove other matters sufficient in law to justify the removal.

Submitted May 1, — Decided June 11, 1902.

Complaint. Before Judge Felton. Dooly superior court. November 15, 1901.

*Shipp & Sheppard,* for plaintiff.   *S. R. Fields,* for defendant.

SIMMONS, C. J.   In January, 1900, Davis was elected clerk and treasurer of the City of Cordele.   In February thereafter a majority of the city council adopted a resolution which, after reciting that Davis had been an alderman at the time of his election and had participated therein, and that he was therefore ineligible under the Political Code, § 739, to hold his office, declared the office vacant.   The council thereupon elected another clerk and treasurer to fill the unexpired term of Davis, and the latter was no longer allowed to fill the office.   After the expiration of the term for which he had been elected, Davis brought suit to recover his salary for the full term.   The defendant answered by denying all the material allegations as to the merits, and pleaded specially that the plaintiff had been rightfully discharged because he was not competent to fill the office or discharge its duties, and also that he was an alderman at the time he was elected, and was therefore ineligible.   At the trial of the case the plaintiff testified as to taking the oath of office and giving bond, and that he was competent to discharge the duties of the office and had done so until removed.   He also testified that he had received his salary up to the time of his removal. The defendant introduced evidence tending to show that the plaintiff was not competent to perform the duties of the office, and had not properly performed them while he was in office.   It also introduced a resolution of the city council, in which it was recited that Davis had been an alderman at the time of his election and participated therein, and was therefore ineligible, and the office was vacant.   Also, a resolution showing the election of another in the place of Davis to fill the unexpired term.   It was also shown by

Davis that the term of office for which he had been elected was twelve months. The jury found for the defendant. The plaintiff made a motion for a new trial, which was overruled. He excepted. This motion complained principally of the admission of certain evidence over the objections of the plaintiff. This evidence was the testimony of two of the aldermen, to the effect that Davis was incompetent to discharge the duties of the office, and had not properly performed them. Complaint was also made of the admission, over objection, of the minutes of the city council showing the cause of his removal.

We think that there was no error in the admission of any of this evidence. The minutes showed that the plaintiff had been removed formally by a resolution of council. They also showed that he was removed because, in the opinion of a majority of the council, he was ineligible to hold the office. The fact recited, that he was an alderman at the time of his election, would not itself have justified his removal; for the Political Code, § 739, as amended by the act of 1899, p. 26 (Van Epps, Code Supp. § 6132), expressly provides that nothing therein shall render an alderman ineligible to be elected during his term of office to serve in another municipal office in a term immediately succeeding his term as alderman. If the resolution contained in the minutes had gone further and declared that Davis was then an alderman, at the time of his removal, or that his term as alderman had not expired until after the commencement of his term as clerk and treasurer, it would of course have shown a sufficient reason for his removal. The record, however, is utterly silent as to whether Davis was an alderman at the time of his removal, or whether his term had expired before he qualified as clerk and treasurer. No sufficient reason for his removal was, therefore, stated in the resolution of removal. The city, however, had a right to show, in a suit by him against it for his salary, that there was sufficient legal cause for his removal, other than the invalid cause shown in the resolution. Had his removal been a judicial act on the part of the council, and he had sued out a writ of certiorari on the ground that the reasons alleged were not sufficient to authorize his removal, the city would in such a proceeding have been limited to the reasons specified in the resolution of removal. But when he acquiesced in the ministerial act of removal and then brought suit for his salary, the city is not restricted to the ground

stated in the resolution, but may plead and prove any other good existing cause for the removal. In *Mayor & Council* v. *Hays,* 25 *Ga.* 590, it appeared that the city marshal had been removed on a specified ground. He 'sued out a writ of certiorari, and the judge of the superior court quashed the proceedings of the council. This judgment was affirmed by this court in *Mayor* v. *Shaw,* 16 *Ga.* 172. The marshal then brought suit for the recovery of his salary and fees. The city sought to justify his removal by proof of other matters good in law, to justify a removal, and the trial judge excluded this evidence. This court reversed the judgment of the lower court, McDonald, J., saying: "The presiding judge excluded the evidence, no doubt on the view which he took of the judgment of the court above cited, in which it was held that the marshal was improperly removed for *the cause specified in that record.* When he sues for his fees, however, the case comes up in a different aspect, and the defendant may plead and prove any cause which would justify the removal, so far as it respects his duties as an officer of the corporation. To violate a public law may not be a breach of duty as such officer, and that is all that this court decided in the case first brought up. But if there was other good cause for the removal of the intestate, as marshal, there is no good reason why the case should not be defended on that ground. If his term of office had not expired when this suit was instituted, and he had moved for a mandamus, to restore him, instead of bringing an action for his salary and fees, the court would not have interfered, if good cause for his removal had been shown, although he may have been removed without notice." This case is controlling in the present one. See also Tiedeman, Mun. Corp. § 85, where it is said: " An official of a municipal corporation, who has been illegally removed, can also recover the amount of compensation due him from the date of his removal to that of his reinstatement, or to the expiration of his term. But in determining whether the removal was unlawful, the reviewing court will not be confined to the consideration of the grounds which were assigned for the removal, but may and should consider all the facts and circumstances of the case which affect the question of legality of the removal, and find for the city whenever there is sufficient justification for the removal, whether the authorities made the removal on that ground or on some other untenable ground." There was, therefore, no error in admitting the

evidence showing reasons or grounds for the discharge of the plaintiff other than the one specified in the resolution, and this evidence was sufficient to support the verdict. We will, therefore, not interfere with the discretion of the trial judge in refusing a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*