### 1805. HANSON v. CITY OF ROME.

H. was elected superintendent of the waterworks of Rome by the water commission, for one year, at a salary of $1,500 a year. Before the expiration of his term the water commission was abolished, and H. voluntarily surrendered his office because he "thought it was his duty to go out with them." *Held:* Whether the act of the legislature abolishing the water commission was constitutional or not, H. can not recover the unearned salary of the office which he made no effort to retain and which he voluntarily resigned.

Complaint; from city court of Floyd county—Judge Hamilton. March 3, 1909.

Argued May 20,—Decided December 24, 1909.

*Denny & Harris,* for plaintiff.

*W. J. Nunnally,* for defendant.

HILL, C. J. The plaintiff in error brought suit against the City of Rome to recover $500 for salary due him as superintendent of

waterworks for the months of September, October, November, and December, 1907. At the conclusion of his evidence the court granted a nonsuit, and this judgment is the error assigned. The case made by the plaintiff in the court below was substantially as follows: He was elected by the waterworks commission of Rome on the 19th day of December, 1906, to the office of superintendent of waterworks for the ensuing year, beginning January 1, 1907, and ending December 31, 1908, at a salary of $1,500 a year. He continued in the office, discharging its duties and drawing the salary, until the end of August, 1907. After August, for the remaining four months of the year he was not paid any part of his salary, and on January 18, 1908, he demanded from the city payment for the four months, and payment was refused. He did not demand payment of his salary until the 18th of January, 1908, and did not, during the four months of 1907, for which he claimed salary, perform any of the duties of superintendent, nor offer to perform them. In 1907 the legislature repealed that part of the act of 1895 which created the water commission of Rome, and created in lieu thereof a board of public works. Acts of 1907, p. 897. The water commissioners who were then in office under the act of 1895 went out of office, and, in the language of plaintiff, he "thought it was his duty to go out with them." After the board of public works was organized, another superintendent of waterworks was elected.

Some question is made as to the legality of the plaintiff's election, but we do not think it material to decide the question. It may be conceded that his election was fully authorized. The trial court based the judgment of nonsuit on the act of 1907, which abolished the water commission, and the plaintiff in error attacks the constitutionality of this act for various reasons, which he asks this court to certify to the Supreme Court for decision. We do not think a decision as to the constitutionality of this act necessary to the determination of the case, and we decline to do so. It is wholly immaterial to the plaintiff's right to recover whether the act in question was constitutional or not. According to his own testimony, upon the passage of the act and the going out of office thereunder of the commissioners who had elected him, he "thought it was his duty to go out with them." He made no effort to retain his office. He was not removed from the office by the old board of commissioners or by the new board of public works. He voluntarily

retired from the office, and voluntarily remained out of office for the four months for which he claims salary. During the four months he made no request to be permitted to discharge any of the duties of the office, nor any request for payment of his salary. His conduct can bear but one possible construction in the light of his own evidence. He voluntarily resigned his office. Having done so, he made it necessary for the new board of public works to fill the vacancy caused by his own voluntary retirement. He permitted his successor to discharge the duties of the office for the four months and to receive the salary therefor. He never during the four months claimed the right to perform the duties of the office or to draw the salary. He did not in any manner assert his own right to the office, or in any way object to the appointment of his successor. We do not see under what theory of law or equity he can demand pay for filling an office which he had voluntarily resigned or abandoned and permitted to be filled by another without protest. He does not claim that he was removed from his office by any agency of the City of Rome, either by the water commission or by the board of public works. If such had been the case, authority for such removal was lodged in both boards by the acts creating them; for the act of 1895 which created the board of water commissioners expressly provides that any officer or agent elected or appointed by said commission may, at the option of the commission, without cause assigned and at their discretion, be removed, and the vacancy so caused immediately filled. Acts 1895, p. 284, sec. 7. This part of the act is not repealed by the act of 1907 which created the board of public works, for the latter amendatory act only abolishes the water commission, and expressly confers upon its successor, the board of public works, its duties and authority. Acts 1907, p. 897, sec. 14. Therefore, if either board had discharged the plaintiff, he would have no legal right to complain or to recover. But as seen, this was not the case. The plaintiff can not recover, because he voluntarily surrendered his office; and for this reason the judgment of nonsuit was proper.

*Judgment affirmed.*