TURPIN *et al. v.* TAYLOR *et al.,* receivers; *et vice versa.*

1. Under the facts of this case the court did not err in refusing to dismiss the case, and in allowing the plaintiffs to amend the process making it returnable to the next succeeding term of court after that to which it was actually made returnable. But the court should have gone a step further in the order, and provided for service anew of the suit, with the amended process attached.

2. As the complaining parties were not properly before the court when the rulings upon the demurrers were made, such rulings were entirely nugatory, and the assignments of error upon them in the main bill and cross-bill of exceptions will not be considered here; but when the defendants have been properly brought before the court under service of the suit and amended process, in accordance with direction given by this court, the demurrers can be resubmitted for decision in the court below.

FEBRUARY 20, 1915.

Complaint. Before Judge Mathews. Bibb superior court. May 5, 1913.

In 1907, Schofield and other directors of the Exchange Bank of Macon filed in the superior court of Bibb county a suit in which they made the bank and certain stockholders the defendants, and prayed for a receiver to be appointed for the bank, which they as directors found themselves no longer able to operate. R. J. Taylor, B. P. O'Neal, and C. P. King were in due course appointed permanent receivers. These receivers, after administering the bank's affairs for about five years and claiming that they had realized upon

practically all of its assets in hand, made application to the court for leave to bring suit against the stockholders upon their charter liability; and leave being granted, on August 26, 1912, they filed suit in the office of the clerk of Bibb superior court against 100 or more stockholders. Besides directing the suit to be filed, the court ordered that notices be sent to all the proposed defendants, and that such defendants as might wish to settle at a stipulated amount for their shares of stock be allowed to do so. The receivers were also authorized to employ attorneys to represent them in filing and prosecuting the suit. The taxing of fees, whether against the depositors or stockholders and against which class of stockholders, was left as an open question to be passed upon by the court later. It was further provided in the order granted on August 26, 1912, under which the petition was filed, that the suit remain on file for thirty days in the office of the clerk of the superior court of Bibb county, subject to inspection by any person interested therein, and that any person interested might file his objections in writing with the clerk within thirty days from the date of the order. Such objections were assigned for hearing on September 30, 1912, and, if no objection should be filed, the receivers were authorized to make settlements with any stockholder of the bank upon his charter liability at the sum of $20 per share, and upon the payment of that amount per share the stockholder paying it was released from any further liability to the bank or its receivers on account 'of the charter liability of such stockholder. It was further provided in the order that the receivers were authorized to accept settlement on the terms stated until and up to October 10, 1912, after which no settlement could be made under this order, and the suit filed, as aforesaid, by the receivers against the stockholders was directed to proceed against those stockholders who did not settle in accordance with the terms of the order. Objections to the order for the filing of the suit and allowing the settlement upon the terms set forth · above were filed by the plaintiffs in error, and application was made to set aside the order. The hearing of the application containing these objections, and the consideration of the same was protracted until October 8, 1912, upon which day the court overruled the objections and modified the order, authorizing the receivers to accept the settlement therein provided up to and until the 20th day of October, 1912, the remaining portions of the order to

remain, of force. The plaintiffs in error in this case and other stockholders not having settled under the terms and provisions of the order referred to on October 20th, process issued on the suit which had been filed on August 26, 1912, on the 21st day of October, 1912, bearing that date and returnable to the November term, 1912, which was less than 15 days of the commencement of the November term of Bibb superior court, the 4th day of November being the date of the convening of the court for that term. At the November term the plaintiffs in error and other defendants in the suit filed on August 26, 1912, made their motion in writing to dismiss the suit, upon the grounds: that no legal process had ever been issued in the case; that no legal service of process had been made upon defendants; that said alleged process was issued less than 15 days before the term to which it had been made returnable; and that said lack of legal process and legal service was directly due to the interference of plaintiffs' counsel and their express instructions to the clerk of said court and the sheriff of said county. After the introduction of evidence and after argument on the motion to dismiss the suit, the court overruled that motion and allowed the plaintiffs to amend the process by making the same returnable to the term following the November term, to wit, to the February term, 1913. To this order the plaintiffs in error excepted, and filed a bill of exceptions pendente lite. When the case came on for hearing during the April term, 1913, of Bibb superior court, the plaintiffs in error urged their demurrers, general and special, which they had filed to the suit, and after the hearing the court overruled the general demurrer and certain of the grounds of the special demurrers, and sustained other special grounds. Exceptions to these rulings were taken by bill and cross-bill of exceptions.

*Nottingham & Nottingham, Guerry & Son,* and *Hall & Roberts,* for Turpin et al.

*Miller & Jones* and *Hardeman, Jones, Park & Johnston,* contra.

BECK, J. (After stating the foregoing facts.)

1. We are of the opinion that the court did not err in refusing to dismiss the suit upon the motion of the plaintiffs in error. The motion was general, and meant that the court was called upon to dismiss the entire suit. This could not have been done under the circumstances, in any event, because numerous defendants in the

suit appeared and answered in response to the suit under the process as it stood when process was issued. Certainly as to them the suit should not have been dismissed. Section 5569 of the Civil Code, providing for cases where processes are delivered too late, declares: "If the process is delivered to the sheriff, or his deputy, too late for service within the time specified, he shall return the same, with an entry stating the truth of the case; and if the defendant can not be found, and does not reside within the county, the sheriff shall make return of the fact in the same manner." And the succeeding section declares: "Whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term." And in section 5572 it is provided: "No technical or formal objections shall invalidate any petition or process; but if the same substantially conforms to the requisitions of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, there is a legal cause of action set forth as required by this Code." Under the provisions of these sections and the decisions of this court construing and applying them, and under the special facts of this case, we think it was entirely proper for the court to refuse to dismiss the case and allow an amendment of the process. We say under the special facts of this case, because we do not care now, and it is not necessary, to make a ruling as to what would be the effect of arbitrary or capricious interference by counsel who had filed a suit in time for the next term of court and who by such interference should prevent the issuance and service of process in due time according to the provisions of the statute. But in the present case, upon the showing made by plaintiffs and their counsel in response to the motion to dismiss, the court was authorized to find that counsel had acted in good faith and in pursuance of the spirit of the order previously granted by the court allowing a period of time during which the defendants named in the suit might settle the demand against them, which period of time allowed for a settlement extended up to the 10th day of October, 1912, and which was afterwards extended to the 20th day of October; and immediately after the expiration of this extended period allowed for settlement, counsel for plaintiffs directed the issuance of the process, and the clerk of the court immediately acted in pursuance of that

direction. As above said, many of the defendants named appeared at the November term and answered without questioning the validity of the process, and thereby waived any question of its validity. Under these circumstances the entire case should not have been dismissed. The court took a step in the right direction in allowing the amendment of the process; it was a saving of the cost, expenses, and time which would have been involved in a dismissal of the suit as to the plaintiffs in error here and a bringing of the case anew against them. But we think that the court should have taken one other step, and should have directed service to be made anew of the suit, with the amended process attached, upon the defendants who made timely objection to the process as it stood. But the failure of the court to take this further step which we have indicated as the proper one should not be permitted to work a dismissal of this case; and we therefore direct, that, at the term of the court below at which the remittitur from this court shall be made the judgment of that court, the process be so amended as to be returnable to the next succeeding term of court, and that service be made anew upon the plaintiffs in error, so that they may make the defense which they have to the merits of the case at a term of court to which they are regularly summoned to appear.

2. While the court did not err in refusing to dismiss the case upon motion of plaintiffs in error, but rightly retained the cause and allowed the process to be amended, the plaintiffs in error were not properly before the court at that time, so as to give the court jurisdiction to decide the questions made by the demurrers filed by the plaintiffs in error subject to the rulings of the court upon a motion to dismiss, and the action taken by the court upon the demurrers must be treated as nugatory; consequently, no ruling is made upon the exceptions in the main bill or the cross-bill of exceptions, assigning error upon the court's rulings on the several grounds of demurrer. Direction having been given that the plaintiffs in error be served anew under the amended process, the complaining parties will, when they are brought before the court under the new service, have the right at the first term after such service to submit their demurrers for decision.

*Judgment on main bill of exceptions affirmed, with direction. Cross-bill dismissed. All the Justices concur, except Fish, C. J., absent.*