LAMB *et al.,* receivers, *v.* McELWANEY. ATLANTA, BIRMINGHAM
AND ATLANTIC RAILROAD COMPANY *v.* McELWANEY.

ATKINSON, J.   1. Though the language of the petition and process is
equivocal, properly construed it sufficiently appears that the process
refers to the petition and includes the receivers who were sued as parties
defendant.   So construed the process was valid.   *Carey* v. *Hillhouse,* 5
*Ga.* 251; *Turpin* v. *Taylor,* 143 *Ga.* 224 (84 S. E. 547).   On its facts
the case differs from that of *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959
(42 S. E. 266).

(a) In order to remove equivocal features and give symmetry to the
record, the court properly allowed the amendment.   *Carey* v. *Hillhouse,*
supra.

(b) The service of the petition and process upon the agent of the receivers
was a valid service upon the receivers.   Civil Code, §§ 2788, 2789.

2. The order allowing the amendment, together with the judgment sus-
taining the traverse to the sheriff's return, as effectually removed the
railroad company from the case as if in terms it had been dismissed
from the suit, and it was unnecessary for the railroad company to sue
out a writ of error to this court to review the judgment refusing to
dismiss the case.   Accordingly, that writ of error is dismissed.

3. The damages claimed in the case being unliquidated, it was necessary
to a recovery by the plaintiff to prove the amount of damages, although
the receivers did not file any plea or answer.   Civil Code, § 5657;
*Cooley* v. *Tybee Beach Co.,* 99 *Ga.* 290 (2), 291 (25 S. E. 691).   There
being no evidence demanding a verdict for any given amount, it was
error to direct a verdict for the amount alleged in the petition.

*Judgment reversed in the first case.   Writ of error dismissed in the second.*
*All the Justices concur.*

JUNE 15, 1915.

Action for damages.   Before Judge Daniel.   Fayette superior
court.   March 18, 1914.

Paul McElwaney instituted an action for damages for the tortious
killing of a mule, returnable to the September term, 1913, of the
superior court of Fayette county.   The petition alleged that "the
Atlanta, Birmingham and Atlantic Railway Company, hereinafter
called the defendant company, . . is now in the hands of two
receivers, to wit, H. M. Atkinson and E. T. Lamb, who are sued as
joint receivers of said line of railway, and who will hereafter be
called the defendants;" and that "said defendants, . . by the
operation of their train," committed the injury under circum-
stances fully set forth.   Process was prayed against "said defendant
company, through its said receivers."   The process contained the
caption: "Paul McElwaney *vs.* the A., B. & A. Railroad Co.," and
required "the defendant, A., B. & A. Railroad Co., through its

said receivers," to appear at the next term of court, "to answer the plaintiff's demand in an action of complaint." The sheriff's return recited that he had "served the defendant with a true copy of the within writ by handing the same to its agent R. M. Hagler, at Tyrone in said county, in person." At the appearance term the Atlanta, Birmingham & Atlantic Railroad Company filed a traverse to the sheriff's return, alleging "that the said R. M. Hagler, named as agent for this defendant, is not now, and was not at the time of the said alleged service, agent for this defendant. . . This defendant moves that said case be dismissed for want of service." The railroad company filed an answer subject to its traverse. The receivers did not answer or make any appearance. The case was not marked in default. At the March term, 1914, by consent of counsel, the issues upon the traverse and motion to dismiss were submitted to the court for decision, without the intervention of a jury, upon evidence as follows: "It is agreed that R. M. Hagler, at the time of the bringing of said suit and at the time said suit was served upon him, was the agent of E. T. Lamb, the receiver of the A., B. & A. R. R. Company, and the said R. M. Hagler was not the agent of the A., B. & A. R. R. Company at the time of the filing and bringing of said suit and at the time of the service of said suit, but the said Hagler was only the agent for the receivers of said road and was in charge of the railroad office at Tyrone, Ga." After the facts were so agreed upon and before the decision of the court upon the traverse of the return of service, the plaintiff tendered an amendment to the process, which was allowed. The amendment purported to insert the words, "H. M. Atkinson and E. T. Lamb, receivers of," just after the word "defendant" in the process and before the words, "A., B. & A. R. R. Company." After the allowance of the amendment, the judge entered a judgment which (omitting the formal parts) contained the following: "It is ordered that the A., B. & A. Railroad Co. has not been served with a copy of the suit and process in the within case, and the traverse is sustained as to that issue. The motion to dismiss the case is refused." No evidence was introduced, but, the receivers having failed to answer, the judge directed a verdict "for the plaintiff" for the amount alleged in the petition. The railroad company and the receivers filed separate bills of exceptions.

*J. W. Culpepper* and *Colquitt & Conyers,* for plaintiffs in error.
*J. W. Wise,* contra.