9596. JONES *et al. v.* FUNSTON.

WADE, C. J. 1. Where personal property is recovered in a bail-trover action, and no alternative judgment is rendered, and thereafter the defendant sues out a writ of certiorari, giving the usual condemnation bond, and at the hearing the certiorari is dismissed for want of legal notice, and judgment is rendered against the plaintiff and his surety on the certiorari bond, for the cost of the proceeding only, suit on that bond may thereafter be instituted against the principal and the surety for the value of the property recovered in the original trover action,

to be ascertained by proof, where the property itself can not be found to answer the judgment therefor, or has been destroyed or has ceased to exist. See, in this connection, Civil Code (1910), § 5205.

(a) The case of *Franklin* v. *Kriegshaber*, 114 *Ga.* 947 (41 S. E. 47), relative to the liability of a surety on a supersedeas bond executed where a bill of exceptions was sued out to the Supreme Court, and the case of *Bryan* v. *Simpson*, 92 *Ga.* 307 (18 S. E. 547), and similar cases relative to the proper judgment to be returned on an appeal bond in a claim case, have no relevancy to the question raised in this case.

2. The trial court did not err in overruling the general demurrer.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MAY 17, 1918.

Action upon bond; from city court of Hinesville—Judge W. C. Hodges. January 23, 1918.

*N. J. Norman,* for plaintiffs in error.

*Ben A. Way,* contra.