10184.   JONES et al. v. FUNSTON.

BLOODWORTH, J.   1.   Where facts are charged to be within the knowledge of a party, or where from all the circumstances such knowledge is necessarily presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true. ·Civil Code (1910), § 5637.

2. "The surety on a bond given by a defendant in an action of trover for the eventual condemnation money is bound by the judgment against the defendant, and can not, after judgment, raise any question which could have been raised by the principal before judgment.   Waldrop v. Wolff, 114 Ga. 610 (40 S. E. 830); Jackson v. Guilmartin, 61 Ga. 544; Thomas v. Price, 88 Ga. 533 (15 S. E. 11); Holmes v. Langston & Woodson, 110 Ga. 861 (36 S. E. 251); Hogan v. Scott, 146 Ga. 126 (90 S. E. 863)."   Johnston v. Sheppard, 22 Ga. App. 207 (95 S. E. 743).

3. "An oral motion to strike a plea can be made at any time before the verdict, if the motion is in the nature of a general demurrer.   Kelly v. Strouse, 116 Ga. 872 (43 S. E. 280); Cooney v. Sweat, 133 Ga. 511 (66 S. E. 257, 25 L. R. A. (N. S.) 75)."   Blount v. Radford, 16 Ga. App. 95 (2) (84 S. E. 591); Civil Code (1910), § 5629.

4. Applying the principles stated above, the court did not err in sustaining the oral motion to strike the plea as amended.

5. When this case was first before this court (22 Ga. App. 410, 95 S. E. 1003), it was held: "Where\ personal property is recovered in a bail-trover action, and no alternative judgment is rendered, and thereafter the defendant sues out a writ of certiorari, giving the usual condemnation bond, and at the hearing the certiorari is dismissed for want of legal notice, and judgment is rendered against the plaintiff and his surety on the certiorari bond for the cost of the proceeding only, suit on that bond may thereafter be instituted against the principal and the surety for the value of the property recovered in the original trover action, to be ascertained by proof, where the property itself cannot be found to answer the judgment therefor, or has been destroyed or has ceased to exist.   See, in this connection, Civil Code (1910), § 5205." This ruling is therefore the law of the case, and in a suit on the certiorari bond, the property itself not having been produced to answer the judgment, it was a condition precedent to a recovery that the value of the property recovered in the original suit be ascertained by proof. · This is true even though the pleas were stricken.   See Civil Code (1910), § 5657; Palmer v. Ingram, 2 Ga. App. 200 (2) (58 S. E. 362); Lamb v. McElwaney, 143 Ga. 490 (3) (85 S. E. 705), and cases cited.   No proof of the value of the property having been submitted, the judgment must be

　　　　　　　　Reversed.   Broyles, P. J., and Stephens, J., concur.
　　　　　　　　　DECIDED MAY 7, 1919.

Action on bond; from city court of Hinesville—Judge W. C. Hodges.   August 19, 1918.

An action was brought in the city court of Hinesville by Florence Funston against Maury Jones and L. Q. Yeomans on a condem-

nation-money bond purporting to have been given by Maury Jones, with L. Q. Yeomans as security, for the purpose of obtaining a certiorari in a case of Florence Funston against Maury Jones in the county court of Liberty county. The petition alleged: (1) Maury Jones and L. Q. Yeomans are residents of said county of Liberty. (2) Maury Jones as principal and L. Q. Yeomans are indebted to petitioner in the sum of ·$100, besides interest, on a bond, a copy of which is attached and marked Exhibit A. (3) Petitioner brought an action against Maury Jones for the recovery of a certain cow (described) of the value of $100, in the county court of said county. (4) On February ˙14, 1916, she recovered judgment for the said cow, of the value of $100. A copy of the said judgment is attached to this petition and marked Exhibit B. (5) Maury Jones, being dissatisfied with the judgment, carried the same to the superior court by writ of certiorari. (6) In order to get certiorari in said case he was required to give bond and security for the eventual condemnation money, which he did by giving L. Q. Yeomans as security on said bond, a copy of which is hereto attached, marked Exhibit A. (7) On September 22, 1916, said certiorari was by the judge of the superior court dismissed, and thereby the judgment of the county court affirmed; a copy of which judgment is hereto attached marked Exhibit D. (8) Upon the affirmance of the judgment of the county court and the dismissal of the said certiorari, Maury Jones as maker and L. Q. Yeomans became liable to petitioner in the sum of $100, besides interest thereon from the date of the judgment dismissing the certiorari. (9) Said Maury Jones, principal, and L. Q. Yeomans, security, fail and refuse to pay said sum of money under their said bond. Wherefore petitioner prays judgment against them for $100 as principal, and lawful interest thereon from September 22, 1916, and that process issue, etc.

There was a general demurrer to the petition, and the defendants filed an answer "that for want of sufficient information they can neither admit nor deny the allegations in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 of plaintiff's declaration, except that defendants say there was suit in the county court of Liberty county over a cow, between plaintiff and defendant Maury Jones, and that defendant L. Q. Yeomans signed a bond of some kind, but don't know whether or not it is the bond set out, and defendants are residents of said

county." A judgment overruling the demurrer was affirmed by the Court of Appeals (22 *Ga. App.* 411).

By subsequent amendment of the answer it was alleged. that when the trover suit from which this case arose was tried and judgment rendered therein, the said cow was dead, and that it died from providential cause, unmixed with any fault of either of the defendants, and could not be delivered to the plaintiff, and therefore the defendants did not damage the plaintiff. The plaintiff moved to strike the answer as amended, for the reason that it was not sufficient in law. The bill of exceptions states that "the court, without requiring plaintiff to put his motion in writing (the same having been requested by defendants' counsel), ruled that both the original and amended answer should be stricken, and entered judgment for plaintiff by default; to all of which defendants excepted," etc. It is alleged that "no judgment could properly be rendered by default in said suit, and, there being no evidence introduced to prove any amount of damage, no judgment could be legally rendered."

*N. J. Norman,* for plaintiffs in error.