## 11053.   JONES *et al. v.* FUNSTON.

1, 2. Under rulings made by this court when this case was previously before it, the only question left for determination on the new trial was as to the value of the cow recovered in the trover suit; and the trial judge did not err in rejecting the amendment by which the defendants attempted to set up that after the rendition of the judgment in that suit the cow died by the act of God.

3. The certiorari bond sued on in this case was not rendered inadmissible as evidence by the fact that the surety thereon was also surety on the bail-trover bond in the case in which the certiorari was sued out.

4. Although no plea of the defendants remained in the case, they had the right to cross-examine the plaintiff's witnesses and to introduce evidence for the purpose of rebutting the evidence introduced by the plaintiff as to the value of the cow. Evidence offered to show that no demand was made for the cow before suit was properly excluded.

5. Exception to the refusal of a nonsuit will not be considered, exception being taken also to the overruling of a motion for a new trial in which the verdict for the plaintiff is complained of as unsupported by evidence.

6. In the absence of a plea by the defendants, refusal to allow their counsel to open and conclude the argument to the jury was not error.

DECIDED MARCH 18, 1920.

Action on certiorari bond; from city court of Hinesville — Judge W. C. Hodges. September 24, 1919.

*N. J. Norman,* for plaintiffs in error.

*Ben A. Way, S. B. Brewton,* contra.

SMITH, J.   1. When this case was last before the Court of Appeals it was held: "Where the facts are charged to be within the knowledge of a party, or where from all the circumstances such

knowledge is necessarily · presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true. Civil Code (1910), § 5637. ` (2) 'The surety on a bond given by a defendant in an action of trover for the eventual condemnation money is bound by the judgment against the defendant, and cannot, after judgment, raise any question which could have been raised by the principal before judgment. *Waldrop* v. *Wolff,* 114 *Ga.* 610 (40 S. E. 830); *Jackson* v. *Guilmartin,* 61 *Ga.* 544; *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11); *Holmes* v. ·*Langston,* 110 *Ga.* 861 (36 S. E. 251); *Hogan* v. *Scott,* 146 *Ga.* 126 (90 S. E. 863); *Johnston* v. *Sheppard,* 22 *Ga. App.* 207 (95 S. E. 743). 2 (3) 'An oral motion to strike a plea can be made at any time before the verdict, if the motion is in the nature of a general demurrer. *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280); *Cooney* v. `Sweat,* 133 *Ga.* 511 (66 S. E. 257, 25 L. R. A. (N. S.) 75).' *Blount* v. *Radford,* 16 *Ga. App.* 95 (2) (84 S. E. 591); Civil Code (1910), § 5629. (4) Applying the principles stated above, the court did not err in sustaining the oral motion to strike the plea as amended. (5) When this case was first before this court (22 *Ga. App.* 410, 95 S. E. 1003) it was held: 'Where personal property is recovered in a bail-trover action, and no alternative judgment is rendered, and thereafter the defendant sues out a writ ·of certiorari, giving the usual condemnation bond, and at the hearing the certiorari is dismissed for want of legal notice, and judgment is rendered against the plaintiff and his surety on the certiorari bond for the cost of the proceeding only, suit on that bond may thereafter be instituted against the principal and his surety for the value of the property recovered in the original trover action, to be ascertained by proof, where the property itself cannot be found to answer the judgment therefor, or has been destroyed or has ceased to exist. See, in this connection, Civil Code, § 5205.' This ruling is therefore the law of the case, and in a suit on the certiorari bond, the property itself not having been produced to answer the judgment, it was a condition precedent to a recovery that the value of the property recovered in the original suit be ascertained by proof. This is true even though the pleas were stricken. See Civil Code (1910), § 5657; *Palmer* v. *Ingram,* 2 *Ga. App.* 200 (2) (58 S. E. 362); *Lamb* v. *McElwaney,* 143 *Ga.* 490 (3) (85 S. E. 705), and cases

cited. No proof of the value of the property having been submitted, the judgment must be reversed." *Jones* v. *Funston,* 23 *Ga. App.* 706 (1-5) (99 S. E. 237). For a full statement of the facts in this case see the statement of facts there made.

2. Under the foregoing rulings the only question left for determination on the new trial was the value of the cow, the property recovered in the trover suit; and the court did not err (as contended in the 4th ground of the motion for a new trial) in rejecting the amendment by which it was attempted to set up the defense that the cow " died after the rendition of the judgment in the trover suit, by the act of God, without fault on the part of the defendants or either of them, and could not be delivered as directed in the judgment on the trover suit."

3. The court did not err (as contended in the 5th ground of the motion for a new trial) in allowing the plaintiff to introduce in evidence the certiorari bond. The fact that the same person was surety on the bail-trover bond and also on the certiorari bond would not make this evidence inadmissible, and the defendants could not take advantage of the fact that the same person was surety in both bonds.

4. It was error for the court to exclude the evidence offered by the defendants, tending to rebut the evidence of the plaintiff, as to the value of the cow. The defendants had the right to cross-examine witnesses for the plaintiff, and also to introduce evidence as to the value of the property. *Pittman* v. *Colbert,* 120 *Ga.* 341 (1) (47 S. E. 948), and cit. The court did not, however, err in excluding the evidence offered by the defendants tending to show that no demand had been made for the cow prior to the bringing of this suit.

5. An assignment of error on the overruling of a motion for a nonsuit will not be considered, if the case proceeds to verdict and if the defendant excepts to the overruling of a motion for a new trial, based upon the general grounds.

6. The court did not err in denying to defendants' counsel the right to open and conclude the argument before the jury, as there was no plea in the case, and under the law the defendants had no right to open and conclude the argument.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., concurs specially.*

STEPHENS, J. I concur in all except the conclusions reached in paragraph 3. I concur in the ruling there announced in so far as it holds that the certiorari bond was properly admitted in evidence. The suit being based upon this bond, the bond was necessarily relevant to the issue and was properly admitted in evidence. I am not prepared to hold that the certiorari bond is a binding obligation upon the surety therein irrespective of the fact that the surety had already entered into the same obligation in another bond given in another branch of the same case. Besides, I do not think it necessary to decide this question in passing upon the 5th ground of the motion for a new trial.