Dobbins *vs.* Jenkins.

MILES G. DOBBINS, plaintiff in error, *vs.* CHARLES J. JENKINS, defendant in error.

1. Where, at the second term after the declaration was filed, the court passed an order allowing the plaintiff further time to perfect service on the defendant, who was a citizen of the county in which the suit was pending, but had been temporarily absent from the United States, and service was made in accordance with said order, it was error, two years thereafter, when the case was called for trial, to dismiss it for want of service.

2. When the attention of the court was called to the case at the second term thereof after the institution of the suit, it would have been its duty to have dismissed it for want of service, unless it had been made to appear that diligence had been exercised by the plaintiff.

Service. Diligence. Practice in the Superior Court. Before Judge GIBSON. Richmond Superior Court. April Term, 1873.

For the facts of this case, see the decision.

AMOS T. AKERMAN, for plaintiff in error.

BARNES & CUMMING; W. H. HULL, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that the plaintiff instituted his suit against the defendant in Richmond superior court on a demand originating prior to 1st of June, 1865. The petition was filed and the process attached and dated 31st December, 1869. The sheriff made his return thereon, dated 28th of May, 1870, that the defendant was not to be found. No action appears to have been taken in the case at the appearance term. At the next term, on the 18th of January, 1871, on the motion of plaintiff, *ex parte*, the court made the following order, after stating the names of the parties: "It is, on the application of plaintiff's counsel, ordered that further time be allowed to perfect service in said case." On the 3d of February, 1871, the defendant was served personally by the sheriff of Richmond county. When the case was called for trial at the April term, 1873, defendant's counsel moved to dismiss it

Dobbins *vs.* Jenkins.

for want of service, and showed the facts above stated in support of his motion.  In opposition to the motion, the plaintiff showed that at the date of the filing and process, and of the sheriff's first return, the defendant, who had long been, and still was, a resident of Richmond county, was absent from the United States with his family, but intending to return to said county, and his dwelling house was occupied by another citizen.  On this statement of facts, the court decided that there had been no sufficient service, and dismissed the case ; whereupon the plaintiff excepted.

By the 3333d section of the Code the date of the filing of the plaintiff's petition in the clerk's office was the commencement of his suit against the defendant.  The annexation of the process thereto by the clerk, and service thereof on the defendant, is the means provided by law for bringing the defendant into court to answer that suit.  The defendant, though a resident of Richmond county, being temporarily absent therefrom, was not served with process until after the second term of the court, but the suit had not been dismissed out of court for want of service.  At the second term, the suit still being in court, the court, on the application of the plaintiff, by its order of the 18th of January, 1871, allowed him further time to perfect service on the defendant, who was personally served with process on the 3d of February, 1871.  At the trial term of the case, more than two years after the defendant had been served, the motion to dismiss the case was sustained because there had been no sufficient service on the defendant.  When the attention of the court was called to the case at the second term of the court, it would have been its duty to have dismissed it for want of service, unless it had been made to appear to the court that there had been no want of diligence on the part of the plaintiff in having the service perfected on the defendant.

As the court did not then dismiss the case, but granted the order allowing the plaintiff further time to perfect service on the defendant, the legal presumption is that good and sufficient reasons were shown to the court for its action.  It is

true that the order allowing the plaintiff further time to perfect service on the defendant, to bring him into court, was an *ex parte* order, yet it is also true that when the defendant was served, he had the right then to have come into court and to have had that order set aside, if there was any good and legal ground for doing so.   But it will not do to say and establish the precedent that the court can grant an order allowing the plaintiff further time to perfect service, and service is perfected on the defendant in pursuance of that order, and the defendant lies by for more than two years after he has been served without taking any steps to have the order set aside, if there were any legal grounds to authorize him to do so, and the plaintiff, in the meantime, be put to the trouble and expense of preparing his case for trial, and at the time of the trial of the case, move to dismiss it, on the ground that he has not been served.   In dismissing the case at the trial for want of service, the court *ignored* its order allowing further time to the plaintiff to perfect service, and the proceedings taken under it, which order stands unrevoked on the records of the court.

No technical or formal objections shall invalidate any petition or process, but if the same substantially conforms to the requisitions of this Code, and the defendant has *notice* of the pendency of the cause, all other objections shall be disregarded; provided, there is a legal cause of action set forth, as required by this Code: Code, section 3345.

In our judgment, the court erred in dismissing the plaintiff's case, on the statement of facts contained in the record.

Let the judgment of the court below be reversed.