PECK *v.* LaROCHE & SON.

1. There being but one suit, one petition, one defendant, the clerk has no power, without some direct and express order of the court, to issue more than one process.  A second process issued by him of his own will, after the appearance term of the case, is void.
2. Formal entries of continuance made by the judge on the bench-docket at and after the appearance term, do not import any leave or order to issue a second process or extend the time for service.
3. Standing alone, a process is no legal authority to the sheriff to serve the defendant after the appearance term, and where the defendant appears at the first term after the actual service, and without pleading to the action moves to dismiss the same for want of due service, the motion should be granted.  Though acquiescence in such defective service might bind the defendant, no acquiescence can be implied when the objection is made promptly by a motion to dismiss.

December 10, 1890.

Process.  Service.  Practice.  Before Judge HARDEN. City court of Savannah.  July term, 1890.

Reported in the decision.

Lester & Ravenel, for plaintiff in error.

W. P. LaRoche, contra.

Bleckley, Chief Justice.

The declaration was filed April 11th, 1889. The first process was dated on that day and was returnable to the May term of the city court. After the July term had intervened, a second process was issued by the clerk, of his own will and without any order of court on the subject, dated October 14th, 1889, and made returnable to the November term. Personal service was effected upon the defendant on the next day after the second process was issued. No service except this was returned, nor was there any return of *non est inventus*, and the court, so far as appears, had, up to that time, taken no action touching the case except to enter on the bench docket two continuances, one on June 4th, the other on July 1st. At the November term, to which the second process was returnable, the defendant appeared by counsel and, without admitting jurisdiction, moved in writing to dismiss the petition and process because the petition was filed in April and process issued returnable to May term but was not served until October. The motion also recited the further fact that new process was attached returnable to November term. Pending this motion another continuance was entered on the docket, dated January 10th, 1890. On February 12th the motion was overruled by the court.

The statute applicable to the city court of Savannah provides that "All suits in said court (except attachment cases) shall be commenced at least fourteen days before the term to which they are returnable, and the process shall be served on the defendant at least ten days before the session of the court. Suits shall in other respects be conformable to the mode of proceed-

ing in the superior courts, but the process shall be annexed by the clerk of said city court, be tested in the name of the judge thereof, and be directed to and served by the sheriff thereof." Code, §4918. The general law applicable to the superior courts requires that "To such petition the clerk shall annex a process, unless the same be waived, signed by the clerk or his deputy and bearing test in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the appearance of the defendant at the return term of the court." Code, §3334. "The clerk shall deliver the original petition, with process annexed, together with a copy of the petition and process for each defendant, to the sheriff or his deputy, who shall serve such copy upon each defendant residing in the county at least fifteen days before the first day of the term, and within five days from the time of receiving the same, and make an entry of such service upon the original petition, and return the same to the clerk." Code, §3339.

1. The second process issued in this case was a nullity. It is manifest that, where there is but one suit, one petition, one defendant, the clerk has no authority, without some express order of the court, to issue more than one process. His power to issue is then exhausted. The second process was mere blank paper, and consequently is to be eliminated from the premises in reaching a right conclusion touching the validity of the service now in question.

2. The two entries of continuance made before service were mere *memoranda* by the judge on the bench-docket, and did not import that the court had granted any leave or order to issue a second process or extend the time for service. On the contrary, these entries would import that, so far as the judge knew or had reason to believe, the case was pending in court like other cases in which due service had been effected. A

continuance means that the trial is postponed to a succeeding term, not that the time for service is postponed or extended.

3. The first process standing alone was no authority to the sheriff to effect service after the return or appearance term of the case. Had he served it before that time, though less than ten days, the act of 1885 would have aided the service and made it good, not for the appearance term named in the process, but for the next succeeding term, the act substituting the latter in place of the former as the appearance term. Acts of 1884-5, p. 103. This act, however, changes the prior law only where the time of service is before the regular appearance term but too late for that term. As the service here was not only after the appearance term, but after the succeeding term had also intervened, it is obvious that the act has no application.

It will be observed that the defendant appeared at the first term after he was served and made objection by motion to dismiss the action. He is not chargeable, therefore, with any laches or acquiescence. In *Dobbins* v. *Jenkins*, 51 *Ga.* 203, not only was the service based on an express order of the court giving further time, but the defendant acquiesced for two years after service was effected and did not move to dismiss the case until it was called for trial. Moreover, the plaintiff made it appear that he had used diligence in the endeavor to obtain service in due time, and the court in its decision recognized the question of such diligence as involved, saying: "When the attention of the court was called to the case at the second term of the court, it would have been its duty to have dismissed it for want of service, unless it had been made to appear to the court that there had been no want of diligence on the part of the plaintiff in having the service perfected on the defendant." The want of due service before the appearance

term of the process was expressly ruled in *Hood* v. *Powers*, 57 *Ga.* 244, to be good cause for dismissing the action on motion made at the appearance term. In that case as in this, the defendant moved at the first term after service. So far as appears from the record before us, no cause whatever was shown by the plaintiffs, on the hearing of the motion to dismiss, why service was delayed. The sheriff had made no return that the defendant could not be found, so that there was not even the evidence of such a return to account for the failure to serve in due time. As the plaintiffs did not require the sheriff to make some return of his action, the presumption is that his failure to act, if he did fail, was with their consent or under their direction. In adjudicating upon the motion, we can look only to what was before the court when that motion was decided, not to anything that afterwards appeared upon the trial of issues of fact raised by the plea to the jurisdiction, etc. Exception to overruling the motion was made and entered *pendente lite*, and error on that decision is regularly assigned in the general bill of exceptions which brought the case to this court. Ruling as we do, that the court erred in not dismissing the action, the subsequent proceedings count for nothing. Let the action be dismissed.        *Judgment reversed.*