## HUDSON *et al.* v. HUDSON *et al.*

1. A demurrer going to the whole bill should be overruled if any part thereof be sustainable.

2. The plaintiffs were in any event entitled to partition, and to an accounting as to the rents of the real estate ; and the grounds of the demurrer being general, it was not error to refuse to dismiss the petition.

3. The provision of the code that the defendant must admit, deny, or explain why he does not admit or deny each paragraph, under penalty of having the allegations in the petition treated as prima facie true, relates to the answer to the original petition.

4. The failure of a defendant to answer an amendment does not authorize the court or the jury to treat the allegations in the amendment as being admitted.

5. But an amendment not setting up any fact affecting the cause of action, but relating to that which transpired in the presence of the court, or to a disposition by consent of the res in the hands of the court, or to a change in the condition of the property involved in the litigation, when such amendment is not traversed, may be treated as true by the court.

6. Where the maker and holder of a security deed mutually agree on a sale of the land, partly for cash and partly on time, to X, and for a division of the purchase-money, and X fails to complete the purchase, the creditor is not liable to the maker of the deed for the breach of such contract.

7. If the creditor allows X to rescind, the latter is not relieved of his liability to the maker of the security deed, nor does the latter lose his interest in the land until after he has been paid the purchase-price of his equity.

8. If thereafter, with the consent of all the parties to the litigation the land was sold for more than was sufficient to pay the holder of the security deed, it was not error for the court to decree that out of the proceeds the original debtor should be paid the balance of the amount due him by X.

9. This was not a suit against an administrator, and the petitioners were competent witnesses for all purposes except as against the surviving partner as to transactions solely with the deceased partner. There was no objection to their competency on this ground. As against the objection urged, and at the time when the ruling was made, the auditor committed no error.

10. In view of the complicated character of cases generally referred to auditors, and the length of the resulting record, there are specially strong reasons for requiring the strictest compliance with the provisions of the statute that all exceptions shall clearly and distinctly specify the errors complained of.

11. The exception should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error.

Argued January 16, — Decided March 4, 1904.

Exceptions to auditor's report. Before Judge Littlejohn. Sumter superior court. March 13, 1903.

L. N. Hudson died owning real estate in fee, an interest as tenant in common with his brothers and sisters in other real estate, besides which he owned an interest in the mercantile business of Hudson & Brother, the defendant W. B. Hudson being the other partner. The petition alleges that L. N. Hudson owed no debts; that W. B. Hudson was in possession of the partnership assets, as well as of the individual real estate of the deceased; that W. B. Hudson had endeavored to buy from the heirs their interests in L. N. Hudson's share of the partnership; that the terms of the sale had been agreed on, but that W. B. Hudson refused to pay the purchase-price. Petitioners, two of the heirs at law of L. N. Hudson, filed an equitable petition setting up the facts aforesaid, and alleging further that W. B. Hudson was collecting the rents and appropriating them to his own use; that he threatened to enforce claims held by the partnership against the petitioners, although their interest as heirs of the deceased partner exceeded the amount due the firm. They prayed for a receiver, an accounting, a partition of the real estate, and an administration of the

estate of the intestate in equity.   By amendment all the heirs at law were made parties defendant.   The defendants all demurred generally, and on the grounds that there was a misjoinder of parties plaintiff and an adequate remedy at law.   A receiver was appointed, and the case was referred to an auditor, who under the statute heard the demurrer and overruled the same, and made a report adjusting the equities of the parties, to most of which there is no exception.   It appears that John R. Hudson, one of the plaintiffs, in order to secure the firm on his indebtedness of $5,000, made a deed conveying 700 acres of land.   This indebtedness was finally reduced to $4,000, and John R. found a purchaser, Mrs. Hooks, who was willing to give $5,500 for 400 acres.   It was agreed that $1,500 to be by her paid in cash should be received by John R. Hudson, and he received the only cash actually paid by Mrs. Hooks.   Later, she being unable to complete the purchase, Hudson & Brother, the holders of the security deed paid her $700 to secure a release of her equity in the land.   The auditor reported that the firm was not indebted to John R. for the balance due on the $1,500 which he was to receive out of the first purchase-money; that this was an indebtedness of Mrs. Hooks to John R.   John R. excepted to this ruling, and, after the report had been made, the petitioners amended the pleadings by alleging that by consent of all the parties to the litigation the 400 acres of land had been sold for $6,000.   The defendant demurred to the allowance of this amendment, and insists that the court could not act thereon, as he did, in decreeing that $900 out of the $6,000 should be paid to John R. Hudson, and the balance to the firm.   There was no denial of the facts stated in the amendment, and no proof offered in support thereof.

*J. H. Lumpkin,* for plaintiffs in error.

*E. A. Hawkins* and *J. A. Hixon,* contra.

LAMAR, J.   (after stating the foregoing facts.)   1, 2. The demurrers went to the whole bill, and should have been overruled, because certainly in some respects it was sustainable.   *Lowe* v. *Burke,* 79 *Ga.* 166.   The plaintiffs were entitled to partition, and to an accounting for the rents.   Even if the allegations that the defendant had bought their interest in the personal property of the deceased did not authorize them to maintain a suit in their

own name, there was no demurrer on the ground that it could only be maintained by an administrator, and it was not erroneous to refuse to dismiss the petition as a whole.    There were no special demurrers requiring that any specific allegations or prayer for relief should be stricken.

3, 4. The defendant must admit or deny each paragraph in the petition, or state a reason why he can not do so.    Allegations not answered are taken as prima facie true.    Civil Code, § 4961. But it is evident that this provision does not apply to amendments offered from time to time during the progress of the trial. Many amendments need not be answered at all.    And where they are so material as to require an answer, the defendant is entitled to time in which to make it.    Civil Code, § 5068.    But by allowing the case to proceed, without answering, or without claiming the time to answer, the defendant is not to be presumed to admit the truth of the allegations thus injected into the case. This right to the plaintiff, and presumption against the defendant, is limited to that answer required to be filed at a fixed time to a petition containing an orderly statement of the plaintiff's case as a whole.    It does not apply to amendments intended to cure defects or supply omissions.    This is frequently done by the substitution of one word for another, and the change is often of a character which could not be independently answered even though it might be material.    Nor does the statute apply to fuller and more elaborate amendments adding new facts which ought in the first instance to have been included in the petition.    Our law is extremely liberal in the right to amend.    But the privilege does not have coupled thereto the onerous presumption that everything therein stated is true unless a formal denial is filed by the defendant.    The failure, therefore, of the defendant here to deny the facts stated is not to be treated as an admission under the Civil Code, § 4961.    It was, however, a statement in reference to the disposition, by consent, of a portion of the res before the court.    It did not set up any fact as to the cause of action, but related to that which transpired in the presence of the court, or within its knowledge.    It is similar in effect to the suggestion of the death of one of the parties to the record, which unless travversed is universally taken to be true without proof.

5–7. The amendment alleged that, by consent of all parties to

the record, land which was involved in the controversy had been sold for $6,000. The defendant demurred, but did not traverse this allegation. The court, instead of decreeing as to the land itself, properly decreed what should be done with the money. When the firm as creditor holding this land as security, and John R. Hudson as debtor, agreed to sell 400 acres to Mrs. Hooks for $5,500 — $1,500 cash and $4,000 in notes, — of which John R. Hudson was to receive the $1,500, the fact that Mrs. Hooks failed to complete the purchase did not make Hudson & Brother liable to John R. Hudson for what he was to have been paid by her. He held his claim against her and retained his equity in the land until that debt was paid. And when the land was subsequently sold by consent of all parties, the court rightly allowed him out of the proceeds an amount equal to his interest therein.

8. The suit was not against the administrator L. N. Hudson, and therefore the witnesses were not incompetent to testify as to communications and transactions with him as an individual. If the case be considered as involving matters which were against W. B. Hudson as surviving partner, they were incompetent to testify as to transactions solely with the deceased partner, affecting partnership liability. But it was far too general to assign as error that the "auditor erred in ruling that petitioners were competent witnesses to prove transactions and communications with L. N. Hudson, deceased, on the ground that he was dead at the time the testimony was offered." It was not alleged that the communications were *solely* with the deceased partner, nor was there any motion to rule out any of the testimony thereafter introduced which may have come within the rule. As against the objection urged, and at the time when the ruling was made, the auditor committed no error.

9, 10. Cases referred to auditors are usually more or less complicated. The evidence is voluminous, and the fact that the complaining party is not only allowed to assign error on the decree generally, but to multiply exceptions by complaining of separate and distinct findings of fact and rulings of law, necessitates the strictest enforcement of all general rules requiring a clear assignment of error. The statute (Civil Code, § 4589) makes this emphatic, and perfectly explicit. So do many decisions. *Roberts* v. *Summers*, 47 *Ga.* 439 (2). The rule seems to be universal that

in this class of cases the exception should be so framed as to relieve the superior court and this court of the burden of going over the entire case, or of performing duties which properly belong to the master and counsel.          Stanton *v.* Ala. R. R., 2 Woods, 507 ; Holcomb *v.* Holcomb, 11 N. J. Eq. 281 ; Warren *v.* Lawson, 117 Ala. 339.          " Parties excepting to a report should state with reasonable precision the grounds of their exceptions in connection with such other particulars as will enable the court to ascertain, without unreasonable examination of the record, what the basis of the exception is.          For example, if the exception be that the commissioner received improper and immaterial evidence, the exception should show what the evidence was.          If, that he had no evidence to justify his report, it should set forth what evidence he did have.          If, that he admitted the evidence of witnesses who were not competent, it should give their names, and specify why they were incompetent, what they swore to, and why their evidence ought to have been rejected."          In re Commander in Chief, 1 Wall. 43.

The plaintiffs in error properly omitted from the record much of the testimony in the auditor's report, relating, as it did, to matters disconnected with the assignment of errors.          In the main the exceptions in this case are admirably arranged; for they can be considered without constant reference to other parts of the record. The ruling complained of is set out, the evidence bearing thereon follows in immediate connection, and the error is clearly and distinctly alleged.          All of these we have considered and discussed. But the exceptions as to the bar by the statute of limitations of certain items of the account, as to the admission of the certificate of deposit, as to the rent of the Mims house, and others can not be considered without a re-examination of the entire record in order to determine whether there was error ; and if so, what was the materiality of the finding, or how and in what manner and to what extent they affected the result, or why a new trial should be granted therefor.          The burden upon the plaintiff here is twofold. He must not only show error, but that it was harmful.          And in the case of auditors' reports, where the exception is not to a verdict, but to independent and isolated facts, it ought to be shown to what extent they have affected the final decree.          For suppose an auditor does admit improper evidence, or does make an improper

finding of fact; it does not necessarily follow that harm has resulted. *McDougald* v. *Dougherty*, 11 *Ga.* 570 (3).

*Judgment affirmed.*    *All the Justices concur, except Simmons, C. J., absent.*