## BROWN et al. v. TOMBERLIN.

Where an equitable petition is filed against several defendants against whom substantial relief is prayed, they are not called upon to answer the petition unless they are served with a copy of the petition and process as provided by law.

(a) Nor are they in default unless such service has been perfected, if not appearing that they have waived service and process.

(b) The provision of the code requiring defendants to admit, deny, or

explain why they do not admit or deny each paragraph of plaintiff's petition, under penalty of having the allegations in plaintiff's petition taken as true, applies to the original petition.

(c) Where defendants fail to answer an amendment, or a cross-petition in equitable proceedings, filed by a codefendant against the other defendants (which cross-petition was not served upon them), the failure so to answer does not authorize the court and jury to treat the allegations in the amendment and cross-petition as admitted.

(d) A judgment by default will not bind a defendant who has not been served with a copy of the petition and process in an action brought against him, unless he has waived service in some manner provided by law.

(e) Mere service of the original petition and process on a defendant, made after the appearance term of the court to which it is returnable, is a nullity, in the absence of an order to perfect service.

(f) The court is not authorized to direct a joint verdict against defendants, based on pleadings being taken as true, when a portion only of the material pleadings were served on some of the defendants, and no valid service of any of them was had on one of the defendants.

FEBRUARY 15, 1912.

Equitable petition. Before Judge Conyers. Appling superior court. March 9, 1911.

*W. W. Bennett*, for plaintiffs in error.

*V. E. Padgett* and *James R. Thomas*, contra.

HILL, J.  O. F. Dean and others filed their equitable petition against J. H. Tomberlin, W. F. Brown, and J. T. Brown, to the March term, 1910, of Appling superior court, alleging Tomberlin to be a resident of Pierce county, W. F. Brown to be a resident of Appling county, and J. T. Brown to be a resident of Florida, and praying for an injunction, appointment of a receiver, cancellation of the transfer of certain letters patent, judgment against the defendants, and the sale of the letters patent. A temporary order was granted by the judge, restraining the defendants from selling or in any manner disposing of the letters patent in question. W. F. Brown was served with a copy of the petition and process on the 22d day of November, 1909, and J. T. Brown, who was a resident of Wayne county, Georgia, (although alleged to be a citizen of Florida), was served with copy of the petition and process, May 2, 1910, by the deputy sheriff of Wayne county, Georgia. The plaintiffs amended their petition, after the service of J. T. Brown, by alleging that the latter was not a citizen of Florida, but was a citizen of Wayne county, Georgia. At the interlocutory hearing and at the first term of the superior court when the petition was

made returnable, one of the defendants, Tomberlin, filed his answer and cross-bill, admitting that he sold a certain interest in the letters patent to W. F. and J. T. Brown, and alleged that W. F. and J. T. Brown were indebted to him in the sum of $2,000 for the letters patent, and prayed for a judgment against the two defendants, W. F. and J. T. Brown, neither of whom appeared in person or by counsel, nor did either of them file any defense or other proceeding in the case. At the March term, 1911, the plaintiffs filed certain amendments to their original petition, and, upon application, made W. R. Beach a party plaintiff. Neither the cross-bill and answer of Tomberlin nor the amended petition of the plaintiffs was served upon either W. F. or J. T. Brown. Upon call of the case at the March term, 1911, counsel for the plaintiffs announced that they desired to take a verdict and decree in an uncontested case; and under said statement and by direction of the court, he did take a verdict and decree. No evidence was introduced on behalf of the plaintiffs, or on the part of Tomberlin. The court having directed a verdict and rendered a decree in favor of the plaintiffs against the defendants, and in favor of Tomberlin against W. F. and J. T. Brown, the two last named excepted.

We think the court erred in directing the verdict of which complaint is made. Undoubtedly, where suit has been properly brought, and the defendants are served with copies of the petition and process, and fail to appear in court, or make answer, and are in default, the averments plainly and distinctly made in the plaintiff's petition shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such answer because of the want of sufficient information. Civil Code (1910), § 5539. The record shows that W. F. Brown, one of the defendants, was served with a copy of the petition and process, but not with the amended petition. J. T. Brown, although alleged to be a citizen of Florida, was served with a copy of the petition and process in Wayne county, Ga., personally by the deputy sheriff of that county, but not with the amended petition. In fact the service was made before the petition was amended. The amendment was material to the action. The answer of the defendant Tomberlin admitted various allegations in the plaintiff's petition, but denied others, and his cross-bill alleged a cause of action against his co-

defendants, W. F. Brown and J. T. Brown, and prayed a verdict and judgment against them in his favor for $2,000; but the cross-bill was never served on either of the codefendants. This makes an unusual case. In the brief of counsel for defendants in error it is stated that "an acknowledgment of service was duly entered and acknowledged by their attorney Jos. A. Morris, who represented said defendants at the time," etc.; but if such be the case, the record fails to disclose it. This case is contrary to the general rule and custom where only the plaintiff has judgment against the defendants. But here one of the defendants, Tomberlin, sets up an entirely new cause of action in the same suit in which he is sued, against his codefendants W. F. and J. T. Brown. Admitting partially his liability in favor of the plaintiffs, he prays judgment against his codefendants for $2,000. When the case was called in court, counsel for the plaintiffs announced that he desired to take a verdict and decree in an uncontested case; and on the statement of counsel, the court directed a verdict and signed a decree for the plaintiffs against all the defendants for the full relief prayed for; and also in favor of the defendant Tomberlin on his cross-bill against the defendants W. F. and J. T. Brown, for all the relief prayed for in the cross-bill. Under the facts disclosed by the record, we do not see how this verdict and decree can stand. But one of the defendants against whom the cross-bill was directed has been served with a copy of the original petition and process, and he was not served with the amended petition. Neither of these defendants was served with the cross-bill, nor does it appear that either of the defendants in the cross-bill has made such appearance in person or by counsel as to amount to a waiver of petition and process. If service was not perfected before the first term of the superior court, then, under the rulings of this court, an order should have been taken at that term to perfect service on those upon whom it had not been perfected. The mere service of the original process on the defendant J. T. Brown, made after the appearance term of the case, had no legal effect whatever. A codefendant is not bound to answer until he is served with a copy of the cross-bill, unless he waives that right by appearance and answer, or in some other way. A valid judgment or decree can not be rendered against a defendant unless he has been duly served and put on notice of the complaint made against him, or he has waived that right in some

manner pointed out by the law. He is entitled to due process of law—to his day in court; and if he has not had this, and a verdict and judgment be rendered against him, then, on a proper motion made, it should be set aside. As these defendants have not had their day in court, and been put on notice of the case made against them, nor waived that right, we must hold that the verdict against them was erroneously directed. *Hudson* v. *Hudson,* 119 *Ga.* 637 (3-4), (46 S. E. 874); *Brown* v. *Railroad Co.,* 131 *Ga.* 259 (62 S. E. 286); *Allen* v. *Mutual Loan &c. Co.,* 86 *Ga.* 74, 76 (12 S. E. 265); *Peck* v. *La Roche,* 86 *Ga.* 314 (12 S. E. 638); Civil Code (1910), §§ 5563, 5561, 5559. The plaintiffs have no right to a judgment in this case except by default, and only one defendant was in default, and he was not so as to the amended petition; for he was neither in court, nor had waived his right, nor was served with a copy of the proceedings filed against him. The rule as to taking judgment by default does not apply to a case where an amendment is filed which is material to the judgment rendered, and the defendant is not served with a copy of the amendment. See *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874). Nor would it apply to the defendant J. T. Brown, who was alleged to be in Florida, and who was served with petition and process before the amendment to the petition was allowed. Nor is a codefendant bound to answer unless he is served. One codefendant can not file an answer and set up therein a cross-action against codefendants and take judgment by default against them, with no proof whatever, when no service has been perfected upon the codefendants, and there is no waiver by them. J. T. Brown, alleged to be in Florida, and not served with a copy of the amendment or defendant's cross-bill, was not called to come into court under penalty of a judgment by default. Neither of the codefendants, W. F. Brown and J. T. Brown, was called on to answer the cross-bill of the defendant Tomberlin, and were in no such default as to him as to render them liable to a judgment by default. In 1 Black on Judg. § 211, it is said: "When we inquire as to the proper disposition to be made of a joint judgment against several defendants, which is void as to one of them, when it is brought before a court of review by writ of error or appeal, we find the authorities more nearly harmonious. In general, they agree that it can not be affirmed as to one defendant and reversed as to another, but must be reversed as an entirety." In

*Harralson* v. *McArthur,* 87 *Ga.* 478 (13 S. E. 594, 13 L. R. A. 689), it was held: "A joint verdict and judgment against several defendants, some of whom were never served and had not waived service by appearance, should be set aside on motion made at the same term." And in *Tedlie* v. *Dill,* 3 *Ga.* 104, 105, it was said: "A judgment, as being an entire thing, can not be reversed in part and stand good as to the other part, or be reversed as to one party and remain good against the rest. Hob. 90; Carth. 235. If judgment is entered against joint defendants when one of them is dead, the judgment shall be reversed for error as to all of them; for in such case, if the plaintiff proceed, it is at his peril; he ought to make a special entry of the death of the party, namely, to suggest it on record, with nihil ulterius versus eum fiat, and then take judgment only against the others. Ib. 149." The question at last resolves itself to this (in view of the tangled web of the petition, amended petition, answer and cross-bill; of service on some and not on other parties to the case; of failure to perfect service, etc.) : can the court untangle the web and separate the legal from the illegal, and uphold the verdict and decree as to some and set it aside as to the other defendants? The whole case is so confused and interwoven, the legal with the illegal, that the only course open in order for all parties to have their day in court and their rights, whatever they are, adjudicated, is to reverse the judgment of the court below and order a new trial.

*Judgment reversed. All the Justices concur.*