Common Pleas Court of Hamilton County.

MARGARET C. BURGOYNE v. ALEXANDER B. SMITH ET AL.

Decided, July 31, 1916.

*Vacation of Judgment After Term—Answer to the Original Petition— Renders Unnecessary an Answer to an Amended Petition, When— Irregularity in Obtaining Judgment by Default—Application of the Statute of Limitations—Action by a Divorced Woman for Maintenance of Her Children.*

1. A defendant having once answered a petition is not compelled to answer an amended petition, unless the amended petition changes the cause of action from that stated in the original petition; and, therefore, an order of court finding defendant in default for answer to a petition, where in fact he had answered the petition but an amended petition had been filed which did not change the cause of action against him, is erroneous and a judgment thus obtained by default will be vacated after term, for irregularity in obtaining it, under the provisions of paragraph 3 of Section 11631, General Code.

2. The plea of the statute of limitations contained in said answer will constitute a valid defense if supported by proper and sufficient proof.

3. An action by a divorced wife against her husband, to recover for board, clothing and care of the children, is an action upon an implied contract to pay the reasonable value therefor, and is therefore barred within six years, even though a judgment for divorce had been obtained by the wife against the husband and the care and custody of the children had been awarded to her, but no sum had been adjudged to be paid to her for the care and custody of the children.

*Galvin & Bauer,* for plaintiff,

*Peck, Shaffer & Peck,* for John D. Meyer, committee for A. B. Smith.

GEOGHEGAN, J.

Heard on petition to vacate judgment.

The petition to vacate the judgment herein will be granted, for irregularity in obtaining the judgment herein, as provided for in paragraph 3 of Section 11631, General Code.

The plaintiff, Margaret C. Burgoyne, brought her action against Alexander B. Smith and William F. Boyd, executor and trustee under the will of Elizabeth S. Smith, deceased, on March 11, 1910. The petition was for the recovery of certain moneys from the said Alexander B. Smith on account of the care and maintenance and education of his children by the plaintiff, who was his former wife.

It also sought, as a cause of action against William F. Boyd, trustee for Alexander B. Smith under the will of his mother, Elizabeth B. Smith, to subject certain funds said to be in the hands of said Boyd, to the payment of whatever judgment might be obtained against Smith, and it asks that an accounting be required of him of the money and property in his hands as said trustee.

On April 22, 1910, Alexander B. Smith filed his answer, which, after admitting the proceedings in divorce, the birth of the children and the fact of the trusteeship of Boyd, proceeds in the following language:

"The defendant further states that all of said pretended claim against him set up in the petition, that accrued before March 11, 1904, is barred by the statute of limitations, the benefit of which he invokes, and he denies each and every other allegation in the petition contained."

On May 10, 1910, William F. Boyd, the executor, filed a motion to separately state and number the causes of action in the petition. Before any action had been taken on the motion of the said William F. Boyd, leave was granted to file an amended petition. This amended petition contains precisely the same allegations as against Alexander B. Smith as were contained in

the original petition, but makes some changes in the allegations as to the said trustee, William F. Boyd, which, however, in the court's judgment, do not substantially change the cause of action attempted to be stated against said Boyd.

Subsequently, on April 21, 1911, an entry of dismissal as to William F. Boyd, executor and trustee, at plaintiff's costs, was made. On September 12, 1913, a motion for judgment was filed, and on September 23, 1913, an entry ordering the cause to be submitted to a jury to assess damages was made, and on the same day a jury was empaneled and sworn and a verdict was had for the plaintiff in the amount of $10,830; and, further, on the same day, a judgment was entered up for said amount.

The irregularity in this case consisted in the court ordering the cause to be submitted to a jury to assess damages without having the cause regularly set down for trial. An examination of the language of the court's order plainly shows that it was made upon erroneous information as to the state of the record at that time; for it recites that it appears to the court that the defendant is in default for answer or demurrer to the petition for a long period of time. That was not true. The defendant, Alexander B. Smith, had answered the petition. While it is true that an amended petition was filed, this did not change the cause of action against him, and under the great weight of authorities, a defendant having once answered a petition, is not compelled to answer an amended petition, unless the amended petition changes the cause of action from that stated in the original petition. *Pease* v. *Bartlett,* 97 Ill. App., 493; *Butler* v. *Thompson,* 2 Fla., 9; *Hudson* v. *Hudson,* 119 Ga., 637; *Brookover* v. *Easterly,* 12 Kansas, 149; *Eames* v. *Morgan,* 37 Ill., 260; *Coal Company* v. *Britton,* 3 Kansas App., 292; *Smith* v. *Halliday,* 13 S. W., 1093 (Supreme Court of Arkansas).

While this point has never been precisely determined in this state, as far as the court has been able to ascertain from an examination of the authorities, inferentially, it has been determined a number of times in various decisions of our Supreme Court and courts of inferior jurisdiction. In *Bank* v. *Telegraph Company,* 30 Ohio St., 555, the court refused to consider a contract set up as a defense in an answer to an original petition,

because subsequently thereto an amended petition was filed as well as an answer thereto, and the answer did not make the original answer a part thereof, nor did it set up a special contract which had been set up in the original answer as a defense, and the Supreme Court decided that in this state of the pleadings, it could only look to the amended petition and the answer thereto alone. By inference, at least, one might suppose that had no answer been filed to the amended petition the answer to the original petition might have been examined by the court with reference to the defense of the special contract set up therein. In *Raymond* v. *Railway Company*, 57 Ohio St., 271, the court found that the cause of action set forth in the amended petition had been completely changed from that set forth in the original petition, and that therefore the action must proceed upon the amended petition, and all pleadings prior in time should be disregarded.

But it will be observed in this case, as in the case of *Ironton* v. *Wiehle*, 78 Ohio St., 41, that there was a complete change of the cause of action in the amended petition, and in *Walcutt* v. *Columbus*, 1 N.P. (N.S.), 225, Judge Evans of the Franklin Common Pleas Court said that the answer to the original petition in that case was not an answer to the amended petition, that the amended petition changed the entire cause of action by pleading additional matter, and that the prayer is for a judgment for a sum of money much larger than that prayed for in the original petition; and he held that the case stood at the time the judgment by default was entered as though no answer had ever been filed, although an answer had been filed to the original petition. But an examination of the opinion will disclose that the court based his conclusions entirely upon the fact that the amended petition substantially changed the cause of action contained in the original petition. It would seem, therefore, that inasmuch as the *ratio decidendi* in the several cases above cited appears to be either a change of the cause of action in the amended petition, or the filing of an answer to the amended petition omitting defenses contained in the answer to the original petition, that one is justified in drawing the inference that in a case like the one at bar our courts would follow the rule supported by the weight of authority.

So, therefore, having determined that there was an irregularity in obtaining the judgment, the question now remains as to whether or not the answer sets up a valid defense.

I am frank to say that I am not deeply impressed with the claim of the counsel for the committee of Alexander B. Smith, who seeks to vacate this judgment, that inasmuch as Mr. Burgoyne, the second husband of the plaintiff, furnished the means of sustenance to Smith's children, that Smith or his estate is relieved of that responsibility. I believe that no matter what the change in the subsequent marital relations of Smith's wife, the plaintiff herein, may have been, whatever means she obtained from Mr. Burgoyne were for herself and not for Smith's children, and that if she applied the money that she obtained from Mr. Burgoyne partly to the sustenance of Smith's children, that that was a voluntary action on her part for which she might be able to recover from Smith. However, the statute of limitations, if supported by sufficient proof, seems to be a bar at least, to some part of the claim asserted by the plaintiff herein, and I think that Smith is entitled to have the jury consider that defense.

I can not agree with the theory advanced by counsel for the plaintiff that the custody of Smith's children having been awarded to the plaintiff in the divorce proceedings between them, that this action now on her part to recover from him money expended for the support of the children is an action upon a judgment of a court and is not barred until the expiration of twenty-one years after judgment rendered. The case of *Pretzinger* v. *Pretzinger*, 45 O. S., 452, seems to completely dispose of this contention. That, too, was an action by a divorced wife against the husband to recover for boarding, clothing and care of a child which had been awarded to the wife by the decree of the court. The court in that case, in discussing this question, at page 457, said:

"After a dissolution of the marriage relation by divorce, the parties are henceforth single persons, to all intents and purposes. All marital duties and obligations to each other are at an end, and they become as strangers to each other. Upon the establishment of such new relations, a promise may be implied, on the part of the father, to pay the mother, as well as a third

person, who has supplied the necessary wants of his infant child.''

And at page 463, the court says:

''Although the record shows that the original action in divorce was in the Court of Common Pleas of Darke County, while the petition subsequently filed to charge the husband with the support of the child was filed in the Court of Common Pleas of Montgomery County, it was not sought in the latter court to change or modify, in any manner, the decree in the divorce cause, but only to enforce a claim growing out of a natural obligation of the father, which was antecedent to the decree, and which the decree left unimpaired.''

It is clear from the decision in this case, as well as from the language quoted from the opinion of the court, that the duty to pay for the care and maintenance of one's children arises not because of any decree on the part of the court awarding them to the mother, but because of the natural duty to support them, which may be enforced as an implied obligation by any person who furnishes them support, irrespective of any relationship to them.

While I have not expressly passed upon the point, it may be well to note that at the time this judgment was entered, Alexander B. Smith was an inmate of an insane asylum in Allegheny county, Pennsylvania, having been committed there by order of court. It would seem that by applying the principle laid down in *Johnson* v. *Pomeroy*, 31 Ohio St., 247, that this judgment should be vacated ''for erroneous proceedings against * * * a person of unsound mind, where the condition of the defendant does not appear upon the record nor the error in the proceedings.'' However, I have determined that the error does appear in the proceedings, and, therefore, it would seem more proper that this judgment should be vacated upon the grounds set forth in paragraph 3 of Section 11631, General Code. But, if I am in error as to this, then certainly the judgment should be vacated on the authority of *Johnson* v. *Pomeroy, supra.*

The judgment herein, therefore, will be vacated, and an order will be made in conformity with the findings herein, and such proceedings had herein as are authorized by law.