### 10557. NEWBERRY *v.* TERRELL LAND COMPANY.

BLOODWORTH, J. "A demurrer going to the whole bill should be overruled if any part thereof be sustainable." *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874). Under this ruling the court erred in sustaining the general demurrer to the petition and dismissing the same.

　　*Judgment reversed. Broyles, C. J., concurs. Luke, J., dissents.*
　　　　　　　　DECIDED JANUARY 7, 1920.

Action for damages; from city court of Americus—Judge Harper. April 2, 1919.

The petition of M. M. Newberry against the H. D. Terrell Land Company, as amended, alleges, in substance: The defendant (a corporation), acting through its officers and agents, has injured and damaged and become indebted to petitioner in the sum of $6,000, as shown by the facts hereinafter set out. Petitioner has been engaged in the lumber business and in cutting and marketing round timber, purchased from different owners, as it stood in Flint-river swamp above where the S. A. L. Railway crosses the river, for more than two years; and in order to carry on said business successfully he leased and procured easements from the Stackhouse Land Company on and over certain portions of what is commonly known as the Hugenin plantation, near Flint-side in Sumter county, Georgia. His contract with the Stackhouse Land Company included his right to build a boom across the river to catch the logs that he would raft down the river, including the right of a landing for said logs, and to take them out and over the land of the Stackhouse Land Company to Flint-side station, that they might be loaded on railroad-cars, and including the right to build

houses and live upon the lands of that company, and to cultivate and have free and full possession of some 20 or 25 acres of said Land Company on and over certain portions of what is commonly good faith just prior to March 1, 1916, and it was to begin on that date. The contract was verbal when made, but it was agreed therein that it should be reduced to writing, which, however, was never done. Petitioner, with the knowledge of the Stackhouse Lumber Company, entered into possession of the leased premises thereunder, in March, 1916, and there was part performance thereof, on the part of both parties in that petitioner did the things set forth in this petition as contemplated by the contract, and the Stackhouse Lumber Company received the price stipulated to be paid to it by petitioner, for such privileges, to wit $100 per annum for five years, or $500 for the entire period. He set up a sawmill on the premises, built five tenant houses, boats for use in rafting timber, and a number of roads and bridges, and made other specified improvements and purchases for the operation of said business, expending between four and five thousand dollars for his equipment to carry on the business under said contract. He had been in possession of the rented premises, residing and carrying on said business thereon, for about a year, and was still in possession thereof, when the said Hugenin plantation on which the business was conducted was sold by the Stackhouse Lumber Company to H. D. Terrell, C. D. Terrell, and J. B. Terrell, whose partnership name was then Terrell Land Company, and who were incorporated on May 12, 1917, by order of the superior court of said county; and said corporation has since that date owned and operated said Hugenin plantation, under the name of H. D. Terrell Land Company. Said company was organized and officered and has ever since been officered by H. D. Terrell, president, C. D. Terrell, general manager, and J. B. Terrell, secretary and treasurer; they were the only original incorporators, and have always held and now hold all the stock ever issued by said corporation. About August 1, 1917, said corporation, acting through its officers, agents and employees, caused a wire fence to be built around the land used by petitioner in taking his logs from the said river, thereby so obstructing the entrance and exit to said landing and his boom for rafting timber as to make it impossible for him to operate his business. Acting under the advice of counsel he removed enough

of said wire-fence obstruction to enable him to use said landing; whereupon said defendant corporation procured and caused a criminal warrant to be sued out for him, charging him with trespass or malicious mischief, thereby forcing him to spend $50 for the employment of counsel to represent him in said criminal case, and subjecting him to the painful humiliation of being charged, arrested, and tried as a criminal. Upon the trial the jury rendered a verdict of not guilty. The said warrant was sworn out by C. D. Terrell, general manager of said corporation, on the advice and with the co-operation of H. D. Terrell, president, and J. B. Terrell, secretary of the corporation, these three acting jointly and in concert, and representing in said act and in the prosecution based on said warrant the entire board of directors, all the officers, and all the stock of said corporation. The said warrant was vindictively and maliciously sued out, without any probable cause, the suing out of the same being prompted alone by malice, and the same was maliciously prosecuted until the verdict of acquittal was rendered.

It is further alleged: The defendant corporation, acting through its officers, agents, and employees, posted notice in petitioner's mill-yard and at various places on the premises petitioner had rented as aforesaid, threatening to prosecute any trespassing on the premises, and said C. D. Terrell stated to him, in the presence of his laborers, that he would have petitioner and his laborers arrested if they did not remove from said premises, and that he would die before logs should be taken out on said landing. Said notices were tacked up in conspicuous places on and about the premises at the express direction of said C. D. Terrell, general manager, acting in concert with H. D. Terrell, president, and J. B. Terrell, secretary of said corporation, and were so placed for the sole purpose of frightening and disturbing the employees of petitioner, so as to drive them from the premises and thus damage and destroy petitioner's business. The said notices, taken in connection with said verbal threats, and the suing out of the said warrant against petitioner, so frightened and disturbed the laborers then employed by him that they forthwith left his employment, and he was never able to induce them to return to his employ; and the said warrant, threats, and notices, which petitioner says were wanton and malicious, made it impossible for him to secure or employ other labor to operate his said business. Similar allegations are made as to the

cutting of the cable and the destruction of the braces that held the petitioner's derrick used in loading logs on railroad-cars, and as to other interference with and damage to his business; and amounts of money expended in repairing the damage to the derrick, etc., are set out. It is alleged that all of said acts on the part of the defendant corporation were without warrant or authority, were malicious and vindictive, and done for the sole purpose of harassing and annoying petitioner and destroying his business and forcing him to remove from his said premises; and that said malicious and vindictive conduct resulted in the destruction of his business, which was good and profitable before said Terrell and said corporation undertook to destroy the same. Various items of actual damages are specified, besides $1,000 claimed as vindictive damages; and it is alleged that by reason of the foregoing facts the petitioner has been injured and damaged by the defendant corporation in the sum of $6,000, for which he prays judgment.

The defendant demurred to the petition generally and specially. The general demurrer was sustained and the petition dismissed, in an order in which it is said: "The court is of the opinion, and now holds, that while the contract of lease, or license, as set up by the plaintiff, as between himself and the Stackhouse Land Company, did not, establish the relation of landlord and tenant, but created an estate for years in said plaintiff, yet the petition as a whole, as amended, does not set out or complain of any acts or conduct on the part of the officers or agents of the H. D. Terrell Land Company which, under the allegations of the petition as amended, the corporation would be in law chargeable with, or [could be] mulcted in damages because of."

*W. T. Lane,* for plaintiff.

*E. F. Strozier, Shipp & Sheppard,* for defendant.

LUKE, J., dissenting. I do not question that part of the ruling of this court in this case to the effect that "a demurrer going to the whole bill should be overruled if any part thereof be sustainable." In my opinion, however, in this case there is no part or paragraph of the petition which sets forth a cause of action. Having this view, I do not think that it was error for the court to sustain the demurrer and dismiss the plaintiff's suit.