22044. POPE *v.* STATE GRAND LODGE No. 1, etc.

BROYLES, C. J. 1. "A failure to make a proper brief of evidence, and the inclusion therein of questions and answers, objections of counsel, and the like, does not furnish ground for dismissing the writ of error. But where there has been no bona fide effort to comply with the statute on that subject, the purported brief of evidence will not be considered; nor will questions be determined which require a consideration of such brief. . . While the brief of evidence contained some surplusage, including questions and answers, and some statements of objections, there was no such flagrant disregard of the statute as to require the applica-·tion of the rule stated." *Cotton* v. *Cotton,* 136 *Ga.* 138 (70 S. E. 1015). Under the ruling quoted above, the brief of evidence in the instant case, while containing some surplusage, including a number of questions and answers, some objections to evidence tendered, and a few colloquies between the court and counsel, does not show a "flagrant disregard" of the statute requiring a proper brief of evidence, and the motion to dismiss the writ of error is denied, and the brief of evidence, though not all that it should be, will be considered by this court.

2. This is a suit upon a policy of life insurance. Upon the trial, after the plaintiff had introduced her evidence, the court, on motion of the defendant, awarded a nonsuit. However, prior to that judgment, some documentary evidence, offered by the plaintiff and necessary to make out her case, was excluded by the court, but the bill of exceptions contains no specific assignment of error on the ruling rejecting that evidence, the only specific assignment of error being upon the judgment of nonsuit. It follows that the question whether the trial court erred in excluding the evidence can not be passed upon by this court; and since the evidence admitted failed to show a right of recovery in the plaintiff, the judgment awarding a nonsuit must be and is

*Affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

Decided April 30, 1932.

*Earle Norman,* for plaintiff.   *Clement E. Sutton,* for defendant.