39102. NELSON v. LOVETT.

DECIDED NOVEMBER 8, 1961.

*Nelson & Nelson, James F. Nelson, Carl K. Nelson,* for plaintiff in error.

*W. W. Larsen, Jr.,* contra.

CARLISLE, Presiding Judge.   Carl K. Nelson filed suit on October 2, 1950, against W. H. Lovett in the Superior Court of Laurens County for an accounting and to recover amounts alleged to be due as net income from certain properties jointly held by the plaintiff and the defendant.   Thereafter, no order was taken in the case until July 28, 1958, when an order continuing it until the January term, 1959, was entered. A further order continuing the case until the April term, 1959, was entered on October 27, 1958.   Thereafter, on April 24, 1961, plaintiff filed with the court an application for an order to perfect service alleging therein the filing of the suit and that, on information and belief of the plaintiff, a copy of the suit, together with process, was duly and legally served on the defendant on or about October 6th or 7th, 1950; that when plaintiff began preparation of the suit for trial on April 20, 1961, he discovered that there had been no entry of service made or entered on the original process and petition; that the sheriff and all the deputy sheriffs, who were in office in 1950, had retired and gone out of office, and that there was no record of their acts and doings in serving the petition and process in this case now available to the petitioner, and that neither the sheriff nor any of the deputy sheriffs have any legal power to make a return and entry of service on the original petition and process should the fact of such service be established by any kind of proof; and that under the facts and circumstances of the case the petitioner had no remedy other than an order of the

court ordering and directing service of the process and petition in the case to be perfected in the manner provided by law for which order petitioner prayed. The defendant filed objections to the grant of the order prayed for and when the matter came on for hearing the judge heard evidence and entered an order overruling and denying the motion and dismissing the case for want of prosecution.

■ As was said in *Jones v. Bibb Brick Co.*, 120 Ga. 321, 324 (48 SE 25), "Process and service are essential. But the return, being only evidence of what the officer has done in serving the writ, is not jurisdictional." So, where there has been no return of service whatever, but evidence can be adduced to show that the defendant has in fact been served, a return of service may be made on motion by an entry on the process nunc pro tunc. *Elliott v. Porch*, 59 Ga. App. 181 (200 SE 190). *Code* § 24-2816. Even after the sheriff has gone out of office, such nunc pro tunc entry may be made upon proper order of the court. *Beutell v. Oliver*, 89 Ga. 246 (2) (15 SE 307); *Jones v. Bibb Brick Co.*, supra (h.n. 4). In the instant case, however, the application of the plaintiff, the denial of which is one of the errors assigned, began with allegations apparently appropriate to an application to permit the entry and return of service to be made nunc pro tunc. However, the prayer was not that the entry be made but "that service be perfected in this case in the manner provided by law." If the defendant had been served in the first instance, it was not necessary that service again be perfected. One service is sufficient to give the court jurisdiction. It follows that the facts stated in the application were not sufficient to authorize the court to enter an order to perfect service ten and one-half years after the suit was filed.

In *Church v. Church*, 151 Ga. 98 (106 SE 114), a case where the declaration was filed and seven terms of court elapsed without service, it was held that the trial court did not err in refusing an application to perfect service where no legal reason was shown for a failure to sooner serve the defendant, and in thereafter dismissing the action on motion of the defendant. In *Rowland v. Towns*, 120 Ga. 74 (47 SE 581), no service was made on the defendant and at the appearance term an order to perfect

service was entered so that said case should stand "for announcement" at the October term, 1902. That order was not served, and at the April term, 1903, the motion of the defendant to dismiss because of lack of service was held to have been properly granted. In the instant case, no less than 40 terms of court elapsed between the filing of the suit and the first effort of the plaintiff to have service perfected. Under the former law, dismissal of the case for lack of service, where service was not perfected before the second term and no order had been taken extending the time for service, was automatic. *Dobbins v. Jenkins*, 51 Ga. 203 (1), 205; *Peck v. LaRoche & Son*, 86 Ga. 314, 317 (3) (12 SE 638). The entry of an order extending the time for service was discretionary with the trial judge, and his discretion in this respect was not controlled unless abused. Under the law as it presently exists, however, and since the amendment to *Code* § 81-201, by the Resolution of the General Assembly approved February 1, 1946 (Ga. L. 1946, pp. 761, 768), there is no automatic dismissal for lack of service, and the trial judge's discretion lies in the opposite direction, that is, in entering an order of dismissal after failure to perfect service within a reasonable time. In the absence of a showing of a clear abuse of discretion, the dismissal of an action for lack of service will not be controlled. In this case no legal reason was shown in the application why service had not been perfected and why some effort had not been made for over 10 years to have it perfected. It follows that the trial judge did not abuse his discretion nor err in overruling and denying the application to perfect service and in thereafter entering an order of dismissal.

■ Much energy and space is devoted by counsel for the plaintiff in error in urging his contention that the trial judge should have submitted the issues of fact in the case to a jury; that the plaintiff was entitled to show by competent evidence that service was actually made and that the plaintiff was entitled to a judgment establishing actual service. No motion for a new trial was made and the sole assignments of error in the bill of exceptions are that the order overruling and denying the written application to perfect service was contrary to law because the trial judge should have granted the application for the rea-

sons set forth therein, and that the dismissal of the suit was contrary to law. The bill of exceptions contains no assignment of error properly raising any question as to the failure of the court to submit the case to the jury or as to any failure or refusal of the court to permit plaintiff to make a proper showing or as to the sufficiency of the evidence to authorize the finding and judgment of the court. Such questions cannot be passed upon by this court. *Code Ann.* § 6-901. *Littleton v. Spell*, 77 Ga. 227 (1) (2 SE 935); *Baker v. Decatur Lumber &c. Co.*, 211 Ga. 510, 513 (3) (87 SE2d 89); *Pope v. State Grand Lodge*, 45 Ga. App. 206 (164 SE 99).

*Judgment affirmed. Eberhardt and Custer, JJ., concur.*