## 50875. McNEAL et al. v. ABLE.

EVANS, Judge.

Plaintiff, Edward H. Able, sued three defendants in DeKalb Superior Court including Patricia Jo McNeal and Patricia Arleen Smith. The suit was filed May 16, 1968. One defendant was served on May 21, 1968, but defendants McNeal and Smith were not served until April 24, 1974 and April 25, 1974, respectively.

Defendants Smith and McNeal moved to dismiss because of lack of jurisdiction, contending they were residents of Fulton County and not DeKalb County; because of laches in obtaining service and the running of the statute of limitation. After a hearing based on affidavits, these motions were denied, and defendants appeal. *Held:*

1. This court will judicially notice that DeKalb Superior Court convenes four times in each year (see Ga. L. 1974, p. 4135; *Hoye v. State,* 39 Ga. 718 (5); *Grage v. Venable,* 114 Ga. App. 570 (2) (151 SE2d 926)), and therefore during these more than five years of Rip Van Winkle sleep or dormancy, more than 20 terms of court elapsed.

2. In *American Mut. Liab. Ins. Co. v. Satterfield,* 88 Ga. App. 395, 398 (76 SE2d 730), this court holds that it is a well-established rule that counsel and the parties to a cause must keep themselves informed as to the progress of their case. Therefore, somewhere and sometime, long before the passage of five years and the lapse of 20 terms of court, it was the duty of plaintiff to have learned that two of the defendants had not been served. This would have been easy, simply by inquiring of the sheriff or clerk as to whether service had been made.

3. In *Gulf Oil Corp. v. Sims,* 112 Ga. App. 68 (143 SE2d 776), it is held that: "When a petition is filed but is not served as provided by law (Code Ann. § 81-202) the plaintiff may by motion or petition call upon the court's discretion to order belated service. *Allen v. Mutual Loan &c. Co.,* 86 Ga. 74 (12 SE 265); *Brunswick Hdw. Co. v. Bingham,* 110 Ga. 526, 527 (35 SE 772); *Nelson v. Lovett,* 104 Ga. App. 770, 773 (123 SE2d 4). The issue raised by a petition seeking belated service of an action is whether

the plaintiff has taken diligent action since bringing the action in an effort to perfect service. If the plaintiff has taken no action the petition should be denied as a matter of law. *Brunswick Hdw. Co. v. Bingham,* supra; *Church v. Church,* 151 Ga. 98, 101 (106 SE 114); *Nail v. Popewell,* 32 Ga. App. 20 (122 SE 632); *Stahle v. Jones,* 60 Ga. App. 397, 398 (3 SE2d 861); *Nelson v. Lovett,* supra."

The *Gulf Oil Corp.* case also points out at page 70, that the Supreme Court of Georgia held in *Brunswick Hdw. Co. v. Bingham,* 110 Ga. 526, 527 (35 SE 772) that the trial court erred in granting an order allowing plaintiff to perfect service three years after petition had been filed and seven terms of court had elapsed. Here we have a delay of more than five years and more than 20 terms of court.

4. There is a maxim in equity, which is equally applicable in law, that "equity aids the vigilant and not the slothful." It would have been gross error to allow the plaintiff to awaken from his long five-year sleep and suddenly come alive and secure service and relief from his inexcusable neglect after more than 5 years and more than 23 terms of court.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Deen, P. J., dissents.*

Argued July 1, 1975 — Decided September 8, 1975.

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr.,* for appellants.

*J. C. Rary, Charlie Parker, C. Wingate Mims,* for appellee.

Deen, Presiding Judge, dissenting.

This is not a case involving dismissal after five years where no order is taken in the litigation. Here, one defendant was served promptly after filing of the suit and two others were not. The plaintiff, for whatever reason, was unaware of this fact. The sheriff, charged with the duty of service, made no entry of attempted service or non est inventus. The court found from evidence received that

there was no indication where these defendants were at the time the petition was filed; that the failure to serve process was not due to the negligence of plaintiff or his attorney but of the sheriff's department and that "the doctrine of laches cannot extend from the sheriff's department to plaintiff"; that in such case it is a responsibility of the court to notify the proper parties "when a function mandated by law has not been executed," and that a plaintiff should not be penalized because of a failure of the court to serve the petition or to notify the plaintiff of its failure to do so. I agree with this philosophy in general, and in particular I do not think this court has any right to hold that the trial judge abused his discretion in so holding. A refusal to dismiss by the trial court for lack of service cannot be reversed by this court except for a manifest abuse of discretion, as Judge Stolz pointed out in *Delcher Bros. &c. Co. v. Ward,* 134 Ga. App. 686 (Judges Deen and Evans concurring).

As a matter of history, service of process until the Pleading and Practice Act of 1946 had to be made at the first term, and if not so made it took an order of court to extend the time. "Mere service of the original petition and process on a defendant made after the appearance term of the court to which it is returnable is a nullity, in the absence of an order to perfect service." *Brown v. Tomberlin,* 137 Ga. 596, 597 (e) (73 SE 947) (1911).

In 1946 (Ga. L. 1946, pp. 726, 769) former Code § 81-202 was amended by striking reference to the *first term* and stipulating that a petition was to be served within five days. It was under this Code section that *American Mut. Liab. Ins. Co. v. Satterfield,* 88 Ga. App. 395 and *Gulf Oil Corp. v. Sims,* 112 Ga. App. 68, cited and followed in the majority opinion, were written.

Under the Civil Practice Act (Ga. L. 1966, p. 609, 610), Code § 81A-104 (c) has been added and provides: "When service is to be made within this State, the person making such service shall make such service within five days from the time of receiving the summons and complaint; *but failure to make service within such five-day period will not invalidate a later service."* (Emphasis supplied.) There is not now, as there formerly was, a hard and fast rule that there must be an order by the trial court

to allow late service. There may well be times when service is not perfected due to negligence on the part of the plaintiff; in such cases, if the five-year dismissal statute does not come into play, at least it is a discretionary matter with the trial judge whether service should be allowed. But *in any event* there is no prima facie inference, as there formerly was, that late service is no service.

I would affirm the judgment.