## 56053. OLVEY et al. v. CITIZENS & SOUTHERN BANK OF CLAYTON COUNTY.

DEEN, Presiding Judge.

The appellee filed an action against three Florida residents under the "long arm" statute (Code § 24-113.1 et seq.) on July 19, 1977. The defendants were served by a Florida deputy sheriff on July 28, August 15 and August 24 respectively. The returns of service were eventually filed, without date stamps, in the Superior Court of Clayton County, and the date of the returns was later certified to be "on or about October 25, 1977." Meanwhile, no answers were filed and a motion for default judgment as to each of the defendants was granted on October 28. The defendants then moved to set aside the default judgments and dismiss the case, and the appeal is from the judgment denying this relief. *Held:*

Code § 81A-104 (g) dealing with return of service states it must be made to the court "promptly and in any event within the time during which the person served must respond to the process." However, the last sentence of this subdivision adds the following: "Failure to make proof of service shall not affect the validity of the service." The same language also appears in Code § 81A-105 (b). Code § 24-115 specifies that service outside the state shall be made in the same manner as service within the state.

Code § 81A-155 (a) dealing with the time of entering default judgments makes no reference to the return of service but simply requires the answer to be filed "within the time required by this Title," in other words, "within 30 days after the service of the summons and complaint."

Code § 81A-112 (a). Late filing of the return of service, at least where it is not shown that any party was deceived thereby, does not void the service. *McPherson v. McPherson,* 238 Ga. 271 (4) (232 SE2d 552) (1977). This is in accord with prior case law holding that, while process and service are essential, the return of service is only evidence of what the officer has done and is not itself jurisdictional. *Jones v. Bibb Brick Co.,* 120 Ga. 321, 324 (48 SE 25) (1904); *Nelson v. Lovett,* 104 Ga. App. 770 (1) 772 (123 SE2d 4) (1961). It is true that *Keys v. Keys,* 86 Ga. App. 815 (72 SE2d 810) (1952), holds that where a defendant has in no way submitted himself to the jurisdiction of the court, it is without jurisdiction to enter judgment against him until he is served *and* a legal return of service entered. Here the return of service was filed prior to the entry of the default judgment. There is no attack on the service itself. The same is true of *Daniel & Daniel, Inc. v. Stewart Bros.,* 139 Ga. App. 372, 376 (228 SE2d 586) (1976), and that case is not authority for the proposition that a late return of service deprives the court of jurisdiction, even in a default case, where the return is filed prior to the entry of the default judgment. Nor does *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 264 (121 SE 648) (1923) also cited by the appellants, support their position, the holding there being merely that a defective return of service is amendable.

The court did not err in denying the motions to set aside the judgment and to dismiss the action.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted June 6, 1978 — Decided June 29, 1978 —

*Johnston & McCarter, Michael B. T. Wilkes,* for appellants.

*Hodges, Hodges & Ingram, E. Michael Ingram,* for appellee.